NEKRASOFF v. U. S. RUBBER CO. et al.
BASHKIROV v. SAME.

District Court, S. D. New York.
April 19, 1939.

954

Robert E. Curran, of New York City, for certain defendants.

HULBERT, District Judge.

These are two motions by the defendant U. S. Rubber Company, and two motions by the defendant U. S. Rubber Products Inc.

The first motion made by each defendant is to vacate, modify or limit the notice of the plaintiff to take the depositions, before the Clerk of the Court or some other officer authorized by law, of the said defendants pursuant to Rule 26 et seq. (Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c) by their respective officers, agents or employees having knowledge of the facts upon certain matters specified in the notice.

The second motion made by each defendant is to vacate, modify or limit the notice of the plaintiff to admit served upon the attorneys for said defendants pursuant to Rule 36 (Federal Rules of Civil Procedure).

The items set forth in each such notice are substantially similar.

Rule 36(a) reads as follows: "Request for Admission. At any time after the pleadings are closed, a party may serve upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth therein. Copies of the documents shall be delivered with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters."

The Rule relates to the admission of facts as well as the genuineness of documents. Any confusion upon that score should be dispelled by reference to Form 25 contained in Appendix to Rules (See Rule 84) and a reading of Rule 37(c). The party called upon to admit must either do so or serve a sworn statement that he

Charles Recht, of New York City, for plaintiffs.

is unwilling, and detail the reasons therefor. Mabelle Walsh v. Connecticut Mutual Life Ins. Co., D.C., 26 F.Supp. 566. In that case Judge Moscowitz discussed the Rule at great length. It has since been held in Jeanne McCrate v. Morgan Packing Co. et al., D.C., 26 F.Supp. 812, that a request under Rule 36 is not subject to a motion to strike, and that has been the recognized practice in the New York State courts since the adoption of an analogous statute. (See Secs. 322 and 323, Civil Practice Act, and cases there cited).

The power of the court is limited to extending the time to comply, and those motions addressed to the notices to admit will be denied and the defendants will have 5 days after the service of a copy of the order to be entered hereon, with notice of entry thereof, to comply with Rule 36.

The defendants contend that the plaintiffs cannot pursue two remedies simultaneously for the same relief and that the defendants should be relieved of the necessity of an examination as to any of the facts furnished in accordance with the notice to admit.

It cannot be anticipated to what extent the defendants will admit the facts as requested. However, broadly speaking, it is hardly to be expected that plaintiffs would examine into redundant matters unless their counsel had reason to believe, and sought to prove, the admissions made by the defendants were not in accord with the true facts or sought to adduce testimony as to other defendants who had refused to, or had not been requested to admit.

The scope of the new Rules is "to secure the just, speedy, and inexpensive determination of every action" (Rule 1).

After issue joined, the testimony of any person, whether party or not may be taken (Rule 26(a).

All that the party desiring to take testimony upon oral examination is required to do is to serve notice in writing to every other party designating the name of the person before whom, the place where, and time when, and the name and address of each person to be examined, and if the name is unknown, a general description sufficient to identify him. (Rule 30(a). The deponent may be examined regarding any matter not privileged which is relevant to the subject matter involved unless after the notice is served, upon application of the party to be examined, the court other-wise directs as provided in Rule 30(b) and (d). (Rule 26(b).

It has been the experience of this Court that counsel have frequently ignored the plain intent, purpose and language of the Rule and applied, after the pleadings were closed, in the same manner required before issue joined. And in other instances, where the initiating party has attempted to limit the scope of the examination, upon the denial of a motion by the other party to vacate, the examination has proceeded to a conclusion without any further recourse to the court. It is my understanding that the Rules were adopted not only to simplify procedure but to relieve rather than add to the burden of the motion judge and the unnecessary presentation of many of these practice questions seriously impedes the consideration and prompt disposition of matters which come before the court on the motion calendar urgently requiring prompt decision.

The alleged causes of action sued on accrued 4 years ago.

On April 22, 1935 plaintiffs were riding in a Buick automobile on the highway near Las Vegas, Nevada, when the car left the road and overturned. They first sued the registered owner of the automobile for alleged negligent operation but discontinued those suits and then brought actions in this court predicating recovery upon the theory that the accident occurred through the bursting of a tire manufactured by the defendants and constituting a part of the equipment of said automobile. MacPherson v. Buick Motor Co., 217 N.Y. 382, L.R.A.1916F, 696, Ann.Cas.1916C, 440; Goullon v. Ford Motor Co., 6 Cir., 44 F.2d 310.

Issue was joined on October 11th, 1937, and the trial has been several times adjourned for the purpose of taking the depositions of the plaintiffs who are aliens, residing in Russia, and the case is now set for June 12, 1939, peremptorily against the plaintiffs.

The apparent purpose of the examination is to establish that the tire was defective. One of the objections made by the defendants is that the giving of the testimony sought will require the disclosure of its secret process. That is, of course, a matter to be developed by the examination itself and action may be taken at the proper time under Rule 30(d).

Whether a tire blowout when an automobile is in motion, would throw the mo-

tion of the automobile out of balance, would depend upon both a factual and hypothetical premise. Possibly the examination will lead into the field of speculation and argumentation. But a showing has not been presented by the defendants upon which the court can make an appropriate limitation at this time.

The motion is, therefore, denied, without prejudice, so that the defendants may avail themselves of the provisions of Rule 30(d) if such occasion arises, and the order to be entered thereon will designate:

(a) The person before whom the examination will take place;

(b) The time and place of such examination;

(c) The name and address of each person to be examined, if known, and if the name is unknown, a general description sufficient to identify him, or a particular class or group to which he belongs.

Orders to be settled on two days' notice.