## SEABOARD TERMINALS CORPORATION et al. v. STANDARD OIL CO. OF NEW JERSEY et al.

District Court, S. D. New York.

Nov. 13, 1939.

O'Connor & Farber, of New York City (Arnold T. Koch and Henry K. Urion, both of New York City, of counsel), for plaintiffs.

Louis Mead Treadwell, of New York City (Henry B. Potter and Stafford Smith, both of New York City, of counsel), for defendant Socony-Vacuum Oil Co., Inc.

MANDELBAUM, District Judge.

The plaintiffs move for a separate trial of certain issues contained in the separate defenses of the defendant, Socony Vacuum Oil Company, Inc.

The action was brought under Section 4 of the Clayton Act, 15 U.S.C.A. § 15, for treble damages for injuries suffered by the

672

plaintiffs resulting from an alleged conspiracy entered into by the defendants in violation of the Sherman Anti-Trust Act 15 U.S.C.A. § 1 et seq., to destroy the businesses of the plaintiffs.

It is the law of the case, as determined by a decision of Judge Patterson (D.C. 24 F.Supp. 1018) and affirmed by the Circuit Court of Appeals (2 Cir., 104 F.2d 659), that the cause of action set forth in the amended complaint arose in Maryland and the three year statute of limitations of Maryland, Code Pub.Gen.Laws 1924, art. 57, § 1, is applicable thereto by virtue of Section 13 of the New York Civil Practice Act. The plaintiffs seek a separate trial against the remaining defendant, Socony Vacuum Oil Company, Inc., as to the defense of statute of limitations, conceding that if this issue is determined adversely to the plaintiffs, it will be a final and complete disposition of the matter. Both under the old equity rules as well as under the new Federal Rules of Civil Procedure, Rule 42(b), 28 U.S.C.A. following section 723c, the court may order such separate trial in furtherance of convenience.

 While it is true that ordinarily it is the defendant who seeks a separate trial, I see nothing in the rules which precludes the plaintiffs from making such application. In Moore's Federal Practice, Volume 3, at page 3051, it is said: "It may also be desirable in many situations to hold a hearing in advance of the main trial on certain defenses, especially those going to jurisdiction and venue * * *. The same would often be true as to defenses of the statute of limitations or the statute of frauds which might be tried advantageously before the balance of the case".

An anti-trust suit, such as the one at bar, is usually complicated and protracted. So, considering the time and expense that may be consumed at an actual trial, and since a determination of this one issue may end the entire litigation, the court is inclined to exercise its discretion in favor of a separate trial of the issues of statute of limitations. This is not inconsistent with my decision in Madigan v. Socony Vacuum Oil Company, Inc.,[1] L-59, p. 375, decided October 27th, 1936. There, the complaint was in negligence and the answer pleaded a general release as a bar to the action. The court refused to grant a separate trial of the issue of release prior to the negligence suit itself. There was nothing difficult nor unusual and there was no reason why all the issues should not expeditiously be tried at one time. In addition thereto, the court was guided by several decisions of this court which have refused to grant separate trials on the issue of release in negligence cases.

The court has not overlooked the defendant's claim of laches as a bar to this action. The court, however, feels that the equities preponderate in favor of the plaintiff on this application. (See Todd v. Russell, D.C., 20 F.Supp. 930, at page 934 where Judge Coxe, on December 11th, 1933 directed a separate trial of the issues of laches and statute of limitations).

The motion is granted and a separate trial directed of the issues raised by the 3rd, 5th and 7th defenses as set forth in Paragraphs numbered 25th, 27th and 29th to 33rd inclusive of the answer of the defendant, Socony-Vacuum Oil Co., Inc.

The trial of the remaining issues will be postponed until the final determination of the trial of the separate issues.

Settle order on two days' notice.

---

1. No opinion for publication.