## FOLLEY AMUSEMENT HOLDING CORPORATION v. RANDFORCE AMUSEMENT CORPORATION et al.

District Court, S. D. New York.

Aug. 19, 1940.

Louis Halle, of New York City, for plaintiff.

Telsey & Young, of New York City, for defendants Randforce, Rinzler and Frisch.

HULBERT, District Judge.

Defendants, Randforce Amusement Corporation, Samuel Rinzler and Louis Frisch move "pursuant to Rule 30" of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, (1) that the depositions of Rinzler and Frisch shall not be taken or that certain matters attempted to be elicited from the witness Rinzler shall not be inquired into, or that the scope and manner of the taking of the depositions of the witnesses and the scope and manner of the examination before trial of the moving defendants be limited; and (2) that the subpoena duces tecum, issued pursuant to Rule 45 of said rules, directed to the moving defendants be quashed; and (3) for the imposition of such costs or expenses as the Court may deem reasonable.

The action is for conspiracy to recover treble damages under the Federal anti-trust laws. Since 575 pages of testimony have been taken it must be assumed that this motion is made under the provisions of subdivision (d) of Rule 30.

Rinzler and Frisch incorporated the defendant Randforce on March 12, 1931, and, in the interim, its business has expanded to include as many as fifty motion picture theatres. In December, 1933, the plaintiff leased the Folley Theatre at 15 Debevoise Street, Brooklyn. Randforce at that time was operating the Alba Theatre located at 750 Flushing Avenue, about two and a half short street blocks away, and the next nearest theatre which Randforce acquired after plaintiff leased the Folley is the Rainbow, a distance of about nine street blocks away.

Fifteen parties have been joined as defendants in this action, Randforce as an exhibitor, Rinzler and Frisch as officers thereof, the other twelve defendants as distributors of motion pictures.

The amended complaint charges that in or about or prior to July, 1934, the defendants engaged in a combination and conspiracy to prevent the plaintiff from contracting for and exhibiting motion pictures at the Folley Theatre and from competing with the Alba Theatre. It is further charged by the plaintiff that the conspiracy became so effective that on or about September 23, 1935, it became necessary to organize a new corporation called Lyric Frolics, Inc., and sublet the theatre to it. This corporation operated the theatre until May 18, 1938, when the plaintiff again resumed operations, but closed the theatre about seven weeks later.

This matter was before me on motions for bills of particulars (D.C., 32 F.Supp. 361, where the facts are stated at some length.)

■ First, it is necessary for the plaintiff to establish the background of the corporate existence of the defendant Randforce and its subsidiaries and affiliates and their inter-relationship so that the plaintiff will not be limited in its examination of the moving parties with respect to the corporate identity, officers, directors, and stockholders of each subsidiary or affiliate of the defendant Randforce, and the date of acquisition of the theatres operated by the defendant and its subsidiaries and affiliates.

■ Second, the plaintiff will be limited in its examination as to acts constituting, or from which inferences may reasonably be drawn establishing, the alleged conspiracy according to the date alleged in the amended complaint or a reasonable time prior to July, 1934, as to any isolated items related to other acts shown to have occurred in or after June, 1934.

■ Third, it is not proper that the moving defendants should be required to produce all books, records, documents, contracts, and other papers, but only such as are relevant to the inquiry, and their na-

498

ture, and, if not sufficiently known to be accurately specified, such data may be ascertained more definitely as the examination proceeds.

Fourth, there does not appear to me to be any occasion at this time which justifies the imposition of costs or expenses.

■ Upon the record before me I am not prepared to say that the disclosure of the price which the moving defendants paid for films procured from the distributor defendants and exhibited in the moving picture theatres of the defendant Randforce, its subsidiaries and affiliates would involve the disclosure of privileged matter. That is something to be determined upon timely objection in the course of the examination upon which a ruling can be applied for in accordance with the provisions of subdivision (d) of Rule 30.

The motion is granted to the extent above indicated and otherwise denied. Settle order on notice unless agreed upon as to form.