MOMAND v. PARAMOUNT PICTURES DISTRIBUTING CO., Inc., et al.

SAME v. UNIVERSAL FILM EXCHANGE, Inc., et al.

Nos. 6943, 7024.

District Court, D. Massachusetts.

Jan. 14, 1941.

See, also, D.C., 19 F.Supp. 102.

George S. Ryan, of Boston, Mass., for plaintiff.

Edward F. McClennen and Jacob J. Kaplan, both of Boston, Mass., for defendants.

McLELLAN, District Judge.

These actions were heard together upon various interlocutory matters as follows:

1. In No. 7024, a motion by the defendants "to dispose of answer of the Statute of Limitations before Defendants are Required to Answer Interrogatories and for a Stay Meanwhile."

2. In No. 7024, a motion by the plaintiff for the production of documents.

3. In No. 7024, "Plaintiff's Motion to Require Admission or Denial of Facts Stated in Request for Admission of Facts."

4. In No. 6943, "Plaintiff's Motion to Require Admission or Denial of Facts Stated in Request for Admission of Facts."

5. In No. 6943, Defendants' objections to plaintiff's interrogatories.

1. *The motion in No. 7024 by the defendants "to dispose of the answer of the Statute of Limitations before Defendants are Required to Answer Interrogatories and for a Stay Meanwhile."*

The plaintiff, a resident of Oklahoma, as assignee of the rights of various operators of motion pictures theatres, located in Oklahoma, sues a number of corporations, all in the business either of producing or distributing motion picture films, or both, alleging a violation of the anti-trust laws of the United States, and seeking triple damages from the defendants. In its answer, each defendant pleads the statute of limitations.[a] The defendants have now filed a paper entitled "Defendants' Motion to Dispose of Answer of the Statute of Limitations before Defendants are Required to Answer Interrogatories and for a Stay Meanwhile." This verified motion asserts in substance that the defendants filed their answers setting up the statute of limitations in July, 1937; that in August, 1940, the plaintiff served two hundred and sixty-eight interrogatories to be answered by the defendants; that none of these re-

---

[a] This action was brought June 7 or 8, 1937.

lates to any matter bearing on the defense of the statute of limitations; that they relate almost exclusively to matters before June 7, 1931, more than six years before this action was begun, and that if the defense of the 'statute of limitations prevails, work in ánswering the interrogatories will be wholly wasted.

· The motion then·goes on to recite that the applicable statute is that of Massachusetts, which provides a period of six years in this type of case; that the Massachusetts statute of limitations also provides that "no action shall be brought by any person upon a cause of action which was barred by the laws of any state or country while he resided therein," and that since the plaintiff at all times resided in Oklahoma and the defendants were subject to suit at all times in that state, this provision bars all suits against which the statute had run by the laws of Oklahoma, and that these laws provide a period shorter than six years.

By way of relief, the defendants move "(1) that this action be set for hearing as to the defense of Statute of Limitations; (2) that judgment on this defense be entered for the defendants; (3) that the defendants be not required to answer or to file objections to the interrogatories before the final determination of this defense; and (4) that all proceedings not pertinent to this defense be stayed until the further order of the court."

The plaintiff, resisting this motion, asserts that his cause of action is not barred by the statute of limitations properly applicable thereto, and that there is no reason for a separate hearing on this issue.

■ It seems that in suits under the anti-trust laws, the applicable statute of limitations is that of the State in which the action is brought. Canadian Northern R. Co. v. Eggen, 252 U.S. 553, 40 S.Ct. 402, 64 L.Ed. 713; Chattanooga Foundry & Pipe Works v. Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241. Mass. General Laws C. 260, Sec. 2 provides: "The following actions shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues:

"First, Actions of contract founded upon contracts or liabilities, express or implied, except actions limited by the preceding section or actions upon judgments or decrees of courts of record of the Unit-

ed States or of this or any other state of the United States.

"Second, Actions of tort."

"Third, Actions of replevin."

G.L.(Ter.Ed.) C. 260, Sec. 9 provides that " * * * no action shall be brought by any person upon a cause of action which was barred by the laws of any state or country while he resided therein."

It is unnecessary now to deal in detail with the Oklahoma Statutes of Limitations. The parties are not in agreement as to which of these Oklahoma Statutes are pertinent and it is enough for the purposes of this motion to say that seemingly no applicable statute of that state provides·for a period of limitations of more than three years. The defendant urges that the period is even shorter.

U.S.C.A., Title 15, Section 16, provides.

"Whenever any suit or proceeding in equity or criminal prosecution is instituted by the United States to prevent, restrain or punish violations of any of the antitrust laws, the running of the statute of limitations in respect of each and every private right of action arising under said laws and based in whole or in part on any matter complained of in said suit or proceeding shall be suspended during the pendency thereof."

■ A cause of action under the antitrust laws arises from the time the damage is sustained. Foster & Kleiser Co. v. Special Site Sign Co., 9 Cir., 85 F.2d 742. The plaintiff's cause of action is set forth in ten counts, each relating to the damage done to a separate corporation engaged in some way in the business of operating motion picture theatres. In each count, it is alleged that the plaintiff acquired his rights by assignments made April 13, 1931, and December 31, 1933. Count 1 alleges damages to a córporation known as the Home Amusement Company, which operated the Savoy Theatre in Shawnee, Oklahoma. It is averred that as a result of the actions of the defendants, the Company operated at a loss after October 1, 1927, and was forced to surrender its lease and lost its equipment in September, 1931. In Count 2, the theatre in question was sold in July, 1931. In Count 3, it ended its operations in December, 1932; in count 4, the operating company lost control of its last theatre, it once having had three, in 1931; in count 5, the operating company lost the last theatre involved June 17, 1931; in count

6, the last theatre was closed in 1932; in count 7, the date of closing was January, 1935; in count 8, September, 1931, and in counts 9 and 10 damages are asserted to a realty company and a company having management contracts with the theatres involved in the first eight counts. Apparently in these counts, the damage had arisen, for the most part, by the time the theatres in question were lost or sold, and in most cases, the damages were largely suffered some time prior to the final closing.

During the past ten years, a number of suits have been begun, either civil or criminal, by the United States Government against the motion picture industry. The plaintiff asserts that these have the effect of tolling the statute of limitations under the provisions of Title 15, Section 16, U.S.C.A., set forth above. Whether or not they have such effect depends upon whether or not the present suit involves any "private right of action arising under said laws and based in whole or in part on any matter complained of in said suit or proceeding." No attempt can here be made to express any view as to whether some or all the items of damages alleged are barred, because the determination of these questions depends in part upon matters of evidence.

Enough has been said to indicate that at some time the issues raised by the pleas of the statute of limitations must be considered, and that they can be determined upon much less evidence than would be involved in a trial of the whole case.

Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, authorizing the court, in furtherance of convenience, to order a separate trial of any separate issue was applied in Seaboard Terminals Corporation v. Standard Oil Company of New Jersey, 30 F.Supp. 671, 672, in the District Court for the Southern District of New York, where the court said:

"An anti-trust suit, such as the one at bar, is usually complicated and protracted. So, considering the time and expense that may be consumed at an actual trial, and since a determination of this one issue may end the entire litigation, the court is inclined to exercise its discretion in favor of a separate trial of the issues of statute of limitations."

The same considerations apply to this suit. Accordingly, it is ordered that the case be tried separately upon the issue of the statute of limitations, and the filing of objections to and the answering of the interrogatories propounded by the plaintiff to the defendants is to await the trial of this issue. If, in view of the Court's assignments, the parties desire the reference of this issue to a Master, consideration will be given to an application therefor.

2. *Plaintiff's motion for the production of documents.*

The question whether Rule 34 of the Federal Rules of Civil Procedure should be held to warrant a motion of the scope here appearing is reserved for determination until the preliminary issue of the statute of limitations shall have been decided in this Court.

3 and 4. *The plaintiff's motion in each case to require admission or denial of facts stated in request for admission of facts.*

This motion, so far as No. 7024 is concerned should be decided before the issue of the statute of limitations is heard. And since the motions in the two cases are alike an attempt should be made to decide both of them now. These motions depend upon a construction of Rule 36 and 37(c), of the Federal Rules of Civil Procedure, reading:

"Rule 36. Admission Of Facts And Of Genuineness of Documents

"(a) Request for Admission. At any time after the pleadings are closed, a party, may serve upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth therein. Copies of the documents shall be delivered with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted, unless, within a period designated in the request, not less than 10 days after service thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters.

"(b) Effect of Admission. Any admission made by a party pursuant to such re

quest is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding.

"Rule 37. Refusal To Make Discovery: Consequences

\* \* \*

"(c) Expenses on Refusal to Admit. If a party, after being served with a request under Rule 36 to admit the genuineness of any documents or the truth of any matters of fact, serves a sworn denial thereof and if the party requesting the admissions thereafter proves the genuineness of any such document or the truth of any such matter of fact, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making such proof, including reasonable attorney's fees. Unless the court finds that there were good reasons for the denial or that the admissions sought were of no substantial importance, the order shall be made."

Pursuant to this Rule, the plaintiff in each case filed a request for admission of certain facts. The facts the admission whereof was sought appear in Paragraphs 1–10 of the request. In their "responses" the defendants say "the matters set forth in the paragraphs numbered 3–10 inclusive are denied because of such irrelevancy as not to call for comparison or verification." In each case the plaintiff moves that these responses be stricken out and the defendants ordered either to admit or deny the facts, the admission whereof each plaintiff had requested.

There seems to be a scarcity of decisions in any appellate court upon the questions presented by these motions. The reason for this is not far to seek. At the end of Rule 36 is the following:

"Compare similar rules: Equity Rule 58 (last paragraph, which provides for the admission of the execution and genuineness of documents); English Rules Under the Judicature Act (The Annual Practice, 1937) O. 32; Ill.Rev.Stat.(1937) ch. 110, § 182 and Rule 18 (Ill.Rev.Stat.(1937) ch. 110, § 259.18); 2 Mass.Gen.Laws (Ter.Ed., 1932) ch. 231, § 69; Mich.Court Rules Ann. (Searl, 1933) Rule 42; N.J.Comp.Stat. (2 Cum.Supp.1911–1924) ch. 163, § 294; N.Y. C.P.A.(1937) §§ 322, 323; Wis.Stat.(1935) § 327.22."

As to Equity Rule 58, 28 U.S.C.A. following section 723, it authorized either party to call upon the other to admit writings, *"saving all just exceptions"* and imposed upon the party not making the admission the cost of proving them. All the adversary had to do to avoid an admission was to keep still. As to the English Rules Under the Judicature Act (The Annual Practice 1937) Order XXXII, it authorizes any party, by notice in writing, to call on any other party to admit for the purpose of the case only any specific fact or facts mentioned in the notice. If there were neglect or refusal to admit, this might result in the party so neglecting or refusing being compelled to pay his adversary the cost of proving such facts. The provisions of Illinois Revised Statutes (1937), ch. 110, section 182, and Rule 18 (Ill.Rev.Stat. (1937), ch. 110, section 259.18, and of Michigan Court Rules Ann.(Searl 1933), Rule 42 and the New York Civil Practice Act (1937) Sections 322, 323, apparently are founded upon and for present purposes are practically identical with the English Rule upon the subject. In New Jersey also all that one had to do to avoid an admission was nothing. In Massachusetts and Wisconsin, his failure to respond constitutes an admission, but he does not have to deny anything, under oath or otherwise. It is enough if he refuses seasonably to admit the facts submitted to him for admission. The applicable provisions of Rule 36 of the Federal Rules of Civil Procedure are far different. The party requested to admit facts may not merely refuse to admit them if he is willing to take the risk of having to pay his adversary for the expense of proving them. He may not merely deny the facts. In order to avoid an admission, he must serve upon his adversary a sworn statement "denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters." Construed literally Rule 36 in effect accords the right to one party to interrogate another, a right similar to that afforded by Rule 33. This rule, which deals explicitly with "Interrogatories to Parties", gives such parties the right to file objections and be heard thereon. Thus the right not to answer incompetent or irrelevant questions is protected in Rule 33. No attempt need here be made to decide whether the right to objections there appearing should by implication be read into Rule 36 or whether as stated by Judge Kirkpatrick in Modern Food Process Co., Inc., v. Chester Pack-

ing & Provision Company, D.C., 30 F.Supp. 520, 521, the last clause of Rule 36 affords a method by which one can challenge the right of the other party to ask for any particular admission of fact. For completeness' sake, it may be added that Judge Kirkpatrick goes on to say:

"He may, in his sworn statement, set forth 'in detail the reasons why he cannot truthfully either admit or deny' any matter of fact. These reasons may be matters of fact—'I have no knowledge'—or of law—'You have no right to ask'. I think there is no difficulty in holding that the fact that a request is not a proper one—for example, that it is directed to irrelevant private matters or violates constitutional rights—would be one good reason why the party respondent 'cannot' admit or deny it. His refusal to answer accompanied by a statement of legal objection would certainly be sufficient to prevent summary judgment and could not be used as an admission against him at the trial.

"The party who has served the requests merely goes ahead and endeavors to prove the facts at the trial. If he is able to do so, the Court may, in its discretion, impose the extra expense of the proof, including an attorney's fee, upon the opposing party, who has created the extra expense by his unjustified avoidance of admission. If the legal reasons for not answering present a fairly debatable question and have been presented in good faith, the Court would probably find them 'good,' even though not sustained."

■ Rule 36 warrants a request for the admission, not of all facts, but of relevant facts. In Walsh v. Connecticut Mutual Life Insurance Co., D.C., 26 F.Supp. 566, 571, Judge Moscowitz says that "if the pleadings show that the facts requested are not relevant, the party served is not required to make an admission of the facts," and goes on to say in substance that if they are relevant, they stand admitted, in the absence of a sworn statement by the party to whom they are addressed denying them or stating "The reasons why he cannot truthfully either admit or deny those matters." I cannot tell upon the face of the pleadings whether the facts stated in the plaintiff's requests for admissions are relevant or not. They may be admissible in one of the cases where the statute of limitations is pleaded and not in the other where that statute is not pleaded (see the memorandum supra dealing with defendants' motion for trial first of the issue of the statute of limitations). In any event the relevancy of the facts the admission whereof is requested depends in part upon other facts, which may or may not be shown at the trial. Under these circumstances there must be some way in which a party called upon for admissions may raise the question as to their relevancy. I am not at all sure that under all the particular circumstances of this case the course here adopted by the defendants of saying that "the matters set forth * * * are denied because of such irrelevancy as not to call for comparison or verification" is not a permissible method of raising the question of the relevancy of the facts appearing in the request for admissions. Clearly enough it would not serve in a case where no comparison or verification is necessary in order to enable one to respond to the request.

■ But the real question presented by these motions is not whether irrelevancy may thus be set up. The pertinent inquiry is whether I should allow the plaintiffs' motions "that the various responses, so called, of the defendants to plaintiff's request for admission of facts, paragraphs 3 to 10 inclusive, be stricken out, and that the said defendants be ordered either to admit or to deny the facts stated in said paragraphs". Several district judges have held that a motion to strike a request for admissions does not lie,"* and I see no reason why in a case of this type a motion to strike a "response" should be entertained. This does not mean, of course, that a response may not be stricken as containing scandalous matter or for a like reason. Nor do I find any warrant in the rules for "ordering the defendant to admit or deny the facts stated in said paragraphs." The defendants' responses either constitute sworn statements which "deny specifically the matters of which an admission is requested or setting forth in detail the reasons why he (they) can not truthfully either admit or deny these matters" or they do not. If they do, the facts are not admitted, and the defendants by virtue of Rule 37(c) may have to pay the plaintiffs'

* Nekrasoff v. United States Rubber Co., D.C.S.D.N.Y., 27 F.Supp. 953; McCrate v. Morgan Packing Co., D.C.N.D. Ohio, W.D., 26 F.Supp. 812; Modern Food Process Co. v. Chester Packing & Provision Co., D.C.E.D.Pa., 30 F.Supp. 520; Unlandherm v. Park Contracting Corp., D.C.S.D.N.Y., 1 F.R.D. 122.

reasonable expenses of their proof. If the defendants' responses do not constitute what must be done to avoid the effect of an admission and the facts are relevant, they stand admitted. Nothing hostile to this view appears in the quotation in the plaintiff's brief from Holtzoff, New Federal Procedure, pp. 97, 98, reading:

"The party on whom the request is served may not respond with a statement that he is not required to admit or deny the assertions contained in the request. The filing of such a document is of no effect, and, consequently, because of failure to file a sworn denial or a sworn statement why an admission or denial is not practicable, the contents of the request will be taken as admitted."

In each case the plaintiff's motion to strike and to require admission or denial of facts stated in the request for admission of facts is denied.

5. *Defendants' Objections to Plaintiff's Interrogatories in No. 6943.*

Having directed that the filing of objections to and the answering of plaintiff's interrogatories in No. 7024 (which by reason of the amount of relief sought therein may be called the main case) are to await the trial of the issue of the statute of limitations, it might well result in a duplication of effort to pass upon objections to interrogatories in No. 6943 and later pass upon objections to similar interrogatories in No. 7024. Accordingly, these objections in No. 6943 are not now considered.