## UNITED STATES ex rel. EDELSTEIN v. BRUSSELL SEWING MACH. CO., Inc., et al.

District Court, S. D. New York.
April 13, 1943.

Abraham L. Pomerantz, of New York City, for plaintiff.

Joseph N. Klapper, of New York City, for defendants.

HULBERT, District Judge.

This motion is to vacate a notice requiring the corporate defendant, by Jacob Brussell, its President, to appear at the office of the plaintiff's attorney and be examined orally.

■ Objection is made that the notice does not state the matters upon which the examination is sought. That is not necessary. Rule 26(b) 1 Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: " * * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."

Plaintiff is an informer, suing in her own behalf, as well as for the benefit of the United States of America.

The complaint is predicated upon an alleged conspiracy to defraud the Government. See Sections 3490–3493, R.Stat., Title 31 U.S.C.A. §§ 231–234.

The corporate defendant is engaged in the performance of a contract with the Government which contains the following provision: "Article 21. Confidential Papers. The plans and specifications of naval vessels or their equipment contain information of a character that cannot be made public without detriment to the Government's interests, and they are to be treated as confidential by the parties to the contract. It is the purpose of this contract to prohibit the contractor from divulging any information whatsoever concerning the work under the contract to unauthorized persons, and particularly to those not citizens of the United States."

In support of the motion it is urged that if plaintiff is permitted to conduct this "unlimited examination into the necessarily confidential and privileged business affairs of the defendant Machine Co.," there will be no end to baseless suits by "informers" against any and every company engaged in any type of business for the United States Government.

We cannot question the authority of the Congress in having provided the method which it has conceived to protect the Government from burdens fraudulently imposed upon it. See United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443, decided January 18, 1943, wherein the subject is reviewed at length. And this Court will not prejudge the merits of this action.

It is significant that an informer's action may not be withdrawn or discontinued without the consent, in writing, of the judge of the court and the District Attorney, first filed in the case, setting forth their reasons for such consent 31 U.S.C. A. § 232. And the United States District Attorney of the District in which the action is brought shall "be diligent in inquiring into any violation of [these] provisions". 31 U.S.C.A. § 233.

For this reason, the court inquired on the argument whether this case had been brought to his attention and was informed that it had, and at his request, to the attention of Naval Intelligence.

██ The right of any party to seek an examination is absolute, before issue joined, by order of the Court, and thereafter, without the necessity for leave. Any other party may apply for protective relief. The power of the court to prevent abuse of its process is very broad, before the examination under Rule 30(b) and during the course of the examination, Rule 30(d).

██ This court will not prevent the taking of a deposition unless there is a "clear showing" that such relief is essential. See Moore's Federal Practice, Vol. 2, pp. 2575, 2576; Spotts v. O'Neil, D.C., 30 F.Supp. 669; Finkelstein v. Boylan, D. C., 33 F.Supp. 657. No such "clear showing" has been made out in this case.*

Motion denied without prejudice.

This examination should not be held at the office of the plaintiff's attorney, but will take place at the United States Court House, Foley Square, New York, N.Y., in the presence of the court, upon a day and at an hour to be agreed upon and inserted in the order to be settled on two days' notice.

---

* The following cases have been decided by this court: Nekrasoff v. United States Rubber Co., D.C., 27 F.Supp. 953 (Disclosure of secret processes); Zuckerman v. Pilot et al., D.C., 1 F.R.D. 130 (violation of constitutional rights against incrimination); French v. Zalstem-Zalessky et al., D.C., 1 F.R.D. 240 (disclosure of privileged information). See also: Folly Amusement Holding Corp. v. Randforce Amusement Corp., D.C., 1 F.R.D. 496; Krier v. Muschel, D.C., 29 F.Supp. 482.