### MERIDITH v. MASSIE et ux.

#### No. 5562.

Court of Civil Appeals of Texas. Amarillo.
June 28, 1943.

Rehearing Denied Sept. 6, 1943.

Rice M. Tilley and R. V. Nichols, both of Fort Worth, for appellant.

Fred V. Meredith, of Terrell, and Storey, Storey & Donaghey, of Vernon, for appellees.

FOLLEY, Justice.

This suit was filed by the appellant, Elsie M. Meridith, against the appellees, L. J. Massie and wife, Allie M. Massie, for damages for alienation of the affections of her former husband, J. R. Meridith, and, in the alternative, for a bill of review to set aside a judgment of dismissal in, and to retry, a former suit of the same character between the same parties and involving the same controversy. Among other things, appellees interposed the defense of equitable estoppel, res judicata, and the statutes of limitations of two and four years, respectively, and also presented a motion under Rule 174, Texas Rules of Civil Procedure, asserting that a determination of such issues would be decisive of the whole case, and asking for a separate trial upon those issues. The motion was granted and the parties proceeded to trial upon such pleas, and at the conclusion of the evidence thereon the court rendered judgment for appellees.

It is established by the record that L. J. Massie has resided in California since 1912. In 1912 Mr. Massie, his first wife, and their two unmarried daughters moved from Vernon in Wilbarger County, Texas, to Los Angeles, California. He then

owned, and still owns, several grocery stores in and around Vernon. On December 20, 1933, he was married to the appellee, Allie M. Massie, his second wife, who is a sister of J. R. Meridith, the former husband of appellant. Prior to her marriage Mrs. Massie was a resident of Vernon, where she owns considerable real estate. Her brother, J. R. Meridith, has had charge of such property for many years. Since her marriage in 1933, Mrs. Massie has resided with her husband in California. They have visited in Texas occasionally, looking after their property interests in this State. In January 1934, which was shortly after their marriage, they spent three or four weeks in the home of appellant and her former husband in Vernon. It was upon that occasion that the acts occurred which allegedly formed the basis of the present suit.

The first suit was filed by the appellant in the District Court of Wilbarger County on May 30, 1938, in Cause No. 6867. In the petition therein the appellees were alleged to be residents of California. Appellant alleged, substantially, the same cause of action as that of the instant suit, based upon the same tortuous acts. No service of any kind was ever had upon the appellees in that case and no writ of attachment was issued. Although a citation was prepared therein on November 1, 1938, the same was never delivered to an officer for enforcement. On March 19, 1940, such case was dismissed in an order which stated that the plaintiff appeared by her attorney and announced that plaintiff would not further prosecute her suit. Thereafter, on September 10, 1940, a suit of the same nature, based upon the same cause of action, was filed by appellant against appellees in Cause No. 456,040 in the Superior Court of Los Angeles County, California. On October 26, 1940, a demurrer was sustained to the petition in that case and the suit was later dismissed. Thereafter, on April 28, 1941, the instant suit was filed in the District Court of Wilbarger County, Texas, being Cause No. 7482, seeking damages for the alienation of affections alleged to have occurred in January 1934, and, in the alternative, for the bill of review to reopen and retry Cause No. 6867 theretofore dismissed on March 19, 1940.

■ From the facts stated, it is evident that the cause of action of appellant arose more than four years prior to the filing of the first suit, and more than seven years before the institution of the instant suit. Regardless of whether the two- or four-year statute of limitations applies to this character of action, which point it is unnecessary for us to decide, it is obvious that the claim was barred under either statute before any suit was filed, and particularly is this true in so far as the instant suit is concerned. There was thus no error in the court's action on the pleas of limitations.

■ The appellant further assigns as error the action of the court in conducting a separate trial on the issue of limitations and thus refusing to go into the merits of the damage suit or the bill of review. While this is apparently a new procedure in Texas, under Rule 174, Texas Rules of Civil Procedure, we think it is within the sound discretion of the trial court to order separate trials on issues like these, which are determinative of the entire case. It seems to us that such procedure is not only permissible, but should be encouraged as commendable and expedient practice in cases like this. Rule 174 is in the exact language of Federal Rule 42 upon the same subject, 28 U.S.C.A. following section 723c. In interpreting the Federal rule, it has been held that the issue of limitations may be tried separately from the main case. Momand v. Paramount Pictures Distributing Co., Inc., D.C., 36 F. Supp. 568; Seaboard Terminals Corporation v. Standard Oil Co. of New Jersey, D.C., 30 F.Supp. 671, 672. In the Seaboard Terminals Corporation case, which was an anti-trust suit in which a plea of limitations was urged as a defense, it was said: "An anti-trust suit, such as the one at bar, is usually complicated and protracted. So, considering the time and expense that may be consumed at an actual trial, and since a determination of this one issue may end the entire litigation, the court is inclined to exercise its discretion in favor of a separate trial of the issues of statute of limitations."

For other authorities construing the Federal rule, see: L. E. Whitham Const. Co. v. Remer, 10 Cir., 105 F.2d 371; Bedser v. Horton Motor Lines, Inc., 4 Cir., 122 F.2d 406; Schenley Distillers Corporation v. Renken, D.C., 34 F.Supp. 678; Society of European Stage Authors and Composers, Inc. v. WCAU Broadcasting Co., D.C., 35 F.Supp. 460.

The judgment is affirmed.