**REITMEISTER v. REITMEISTER et al.**
No. 3833.

District Court, E. D. New York.
Nov. 17, 1944.

Samuel M. Ostroff and Isaac M. Rothenberg, both of New York City, for plaintiff.

James F. Ryan, of Brooklyn, N. Y., for defendants Louis Aaron Reitmeister, Frank Hopp and Cecelia Phillips.

Morris E. Packer, of Brooklyn, N. Y., for defendants Samuel R. Nachby, Pearl Lippman and Julius Lippman.

MOSCOWITZ, District Judge.

A number of applications are combined in the same papers and they will be considered separately.

██ In two companion motions plaintiff seeks an order directing the six named defendants to appear and to submit to an examination before trial concerning enumerated matters. The motions are allegedly made pursuant to Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, but examination of that rule reveals that there is no provision for the procedure here adopted. Issue has been joined in this action by the filing of an answer and Rule 26 permits examination of adverse parties after answer without leave of the court. Applying for an order after answer has been held to be the improper method of obtaining the examination. Brach v. MacFadden Publications, D.C., 1 F.R.D. 445; Nekrasoff v. U. S. Rubber Co., D.C., 27 F.Supp. 953; United States ex rel. Edelstein v. Brussell Sewing Machine Co., D.C., 3 F.R.D. 87.

The motion for examination before trial is accordingly denied without prejudice.

Plaintiff also moves to strike certain interrogatories propounded by three of the defendants, numbered 13, 20, 24, 25, 27, 29, 30 and 31. On the argument of this part of the motion, the attorney for these three defendants consented to eliminate those interrogatories which concerned the transcript of a Surrogate Court proceeding allegedly pertinent, since the actual transcript was offered to him at that time. As to interrogatories numbered 13, 24, 25, 27 and 31, the motion is granted on consent.

██ But there has been no consent to elimination of interrogatories numbered 20, 29 and 30, which do not concern the transcript. The plaintiff has offered no argument in his brief in support of his motion to strike these three interrogatories and the affidavit on the motion merely speaks of the inconvenience which plaintiff will suffer if he should be compelled to reproduce the voluminous transcript of the Surrogate Court proceedings, which objection has no application to the three interrogatories involved. The motion to strike is denied as to these three.

██ In an affidavit made by plaintiff's attorney, it is alleged to be essential that plaintiff have an opportunity to examine the defendant in order to procure information required to answer the interrogatories, which information is presently unknown to plaintiff, and for this purpose an extension of time is requested. It is not indicated how the attorney can state under oath that the plaintiff does not have knowledge of the facts. Affidavits should be made by a party unless some special reason is shown to justify their submission by the attorney. The application for additional time to answer the interrogatories is denied without prejudice to renewal on a proper affidavit.

██ Lastly, plaintiff moves to strike out the second separate defense contained in the answer of the defendant, Louis Aaron Reitmeister, on the ground that it does not set forth a legal defense and is immaterial and irrelevant. This defense in substance asserts that the dismissal of an indictment which charged criminal violation of the same statute upon which civil relief is sought in this action, is res adjudicata and a complete defense to plaintiff's claim.

Even if there had been a determination on the merits as to defendant's criminal innocence, this court would not be precluded from finding the contrary fact in a civil case. It is elementary that sufficient evidence so as to leave no reasonable doubt is necessary to a criminal conviction. It is entirely possible for a jury to find in a civil case, from the same evidence, that the defendant did commit the act involved, since a preponderance of evidence will suffice. But it is to be noted that the indict-

ment was dismissed before trial and there thus was no determination on the merits.

The second defense is therefore insufficient, and plaintiff's motion to strike it out is granted.

No motion directed to the sufficiency of the complaint is before the court and it is not necessary to decide that question.

Settle order on notice.