## MARZO v. MOORE–McCORMACK LINES, Inc.

### Civ. 4664.

District Court, E. D. New York.

April 20, 1945.

Philip F. Di Costanzo, of Brooklyn, N. Y., for plaintiff.

John P. Smith, of Brooklyn, N. Y., for defendant.

INCH, District Judge.

By this motion, plaintiff seeks two-fold relief.

First, pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, directing the defendant, its officers, attorneys or other persons under its supervision or direction to produce

and permit the inspection and copying of the following:

"A. All photographs, reports, journals and records in defendant's possession or under its control regarding or relating to the accident to the plaintiff, which occurred aboard the S/S Bernard on May 4th, 1944, as described in plaintiff's complaint and all contracts, papers, documents, letters or any other writings in pursuance of which the stevedoring work was performed aboard said steamship on May 4th, 1944, and immediately prior thereto on behalf of the defendant.

B. Any and all written statements or affidavits given to the defendant, its agents or attorneys or its underwriters, by an officer, seaman or stevedore concerning the accident which occurred to the plaintiff.

C. The ship's log of the S/S Bernard and any reports made in the regular course of the defendant's business on said S/S Bernard on May 4th, 1944, relating to the accident to the plaintiff.

D. The name and address of the winchman and signalman or gangwayman at the No. 2 hatch of the S/S Bernard at the time of this accident.

E. All statements and reports made by any witnesses or affidavits relating to the accident to the plaintiff and given to the insurance carrier or underwriter representing the defendant.

F. All reports, ship records and any and all documents, photographs and other papers showing the manner in which the winch appliances and equipment aboard the S/S Bernard were involved in the accident to the plaintiff were maintained and controlled".

Second, pursuant to Rule 26 directing the defendant by its officers, officials, agents, servants and employees having knowledge of the fact to appear and have their depositions taken.

While it is the spirit of the new Rules that they shall be liberally construed toward the end of bringing into the open all information possibly relevant to the issues, it is obvious that the framers did not intend that the production of documents under Rule 34 should be as unrestrained as examination of persons under Rule 26. Rule 34 contains four conditions to the relief it authorizes and the court would not be justified in directing production of documents unless these conditions are complied with. Thomas French & Sons Ltd. v. Carleton Venetian Blind Co. Inc., D.C.N.Y. 1939, 30 F.Supp. 903; Kenealy v. Texas Co., D.S.N.Y.1939, 29 F.Supp. 502. The four conditions are: (1) "showing good cause" by the party seeking to compel the production of (2) "designated" documents, etc., (3) "which constitute or contain evidence material to any matter involved" (4) and are in the "possession, custody or control" of the person against whom the order is sought.

The plaintiff has satisfied only the last of these conditions by alleging in an affidavit by his attorney that the papers, etc., sought are in the possession or under the control of defendant. No attempt is made to show "good cause", which means some plainly adequate reason for the desired production and inspection. Plaintiff's mere statement that he is entitled to the relief sought is insufficient.

The language of part A is much too broad to be considered a "designation" of the documents desired; they must be identified with some reasonable degree of particularity. Archer v. Cornillaud, D.C.Ky. 1941, 41 F.Supp. 435; French v. Carleton, supra; Piest v. Tidewater Oil Co., D.C. N.Y.1938, 26 F.Supp. 295.

The defendant in its brief stated that it has no objection to producing photographs of the situs of the alleged accident aboard the S/S Bernard nor to producing contracts pursuant to which the stevedoring work was performed aboard said steamship on May 4th, 1944. The motion is granted on consent as to these items and denied as to the remainder of part A.

The same objection of generality applies to parts B, E and F and the motion for production is denied. There is no allegation that the items embraced in the request contain matter which is or may be material to the issues of the case. Plaintiff would do better to ascertain by interrogatories the existence and identity of any reports or

statements which may have been made, so that he could properly designate them for production.

■ Though no objection is made by defendant to furnishing the names and addresses asked for in part D, this information is not properly the subject of an application under Rule 34.

Defendant has stated in its brief that the ship's log requested in part C, is not in its possession or under its control. If that be the fact, the defendant is not obligated to produce it. Plaintiff should ascertain upon his examination under whose control the desired log is.

■ The second part of the application is purportedly made pursuant to Rule 26 (a) and (b) but there is no provision in that Rule for the procedure here followed. Issue has been joined and Rule 26 permits examination after answer without leave of the court. Applying for an order after answer has been held to be the improper method of obtaining the examination. Reitmeister v. Reitmeister, D.C.N.Y.,1944, 4 F.R.D. 197; United States ex rel. Edelstein v. Brussel Sewing Mach. Co., D.C.N.Y.1943, 3 F.R.D. 87; Brach v. MacFadden Publications, D.C.N.Y.1940, 1 F.R.D. 445; Nekrasoff v. U. S. Rubber Co., D.C.N.Y.1939, 27 F.Supp. 953: This part of the motion is denied without prejudice.

Insofar as the first part of the motion is denied, it is without prejudice to renewal upon proper application.

Settle order on notice.