**SOGMOSE REALTIES, Inc. et al.**
v.
**TWENTIETH CENTURY–FOX
FILM CORP. et al.**

United States District Court,
S. D. New York.

Feb. 25, 1954.

William Gold, New York City; for plaintiffs.

Schwartz & Frohlich, New York City, for defendant, Stanley Warner Management Corp.

Robert W. Perkins, New York City, for defendants, Warner Bros. Pictures, Inc. (in dissolution) and Warner Bros. Pictures Distributing Corp.

NOONAN, District Judge.

These motions were brought on by an order to show cause procured by certain of the defendants in the action (the Warner Brothers group) requiring the plaintiffs to show cause why an order should not be made granting the moving defendants certain relief, to wit:

1. (a) dismissing the action against the moving defendants, pursuant to Rule 56(b) of the Federal Rules of Civil

Procedure, 28 U.S.C.A., or, in the alternative,

(b) permitting the moving defendants to serve supplemental answers setting forth the defense of release and discharge pursuant to Rule 15(d), and granting the defendants a separate trial on that defense pursuant to Rule 42(b); and

2. Staying all pre-trial discovery proceedings and motions with respect thereto and extending the time of the moving defendants to answer or object to certain interrogatories until twenty days after the determination of this motion and entry of an order thereon, and, in the event of a separate trial of the defense of release, until twenty days after entry of judgment thereon pursuant to Rules 30(b) and 33; and, certain other relief not applicable to consideration of the motions now before the court.

The plaintiff has cross-moved for an order either enforcing the terms of a certain alleged contract of settlement entered into between the parties, or, in the alternative, vacating the contract of settlement and directing the return of a covenant not to sue on the grounds that:

(a) the plaintiffs have rescinded the contract for the defendants' failure to perform thereunder according to the terms thereof, or

(b) enforcement of the contract would be inequitable by reason of insufficiency and improvidence of consideration, or,

(c) the contract is oral and unenforcible.

■ The moving defendants' motion to dismiss (which must be treated as one for summary judgment) should be denied at this time (without prejudice to renewal at the proper time), since there is a dispute about what actually occurred with regard to whether or not there ever was a valid settlement. Whether or not the moving defendants may successfully invoke the parol evidence rule depends on certain facts which are still in issue.

■ The moving defendants' alternative motion pursuant to Rule 15(d) for permission to serve supplemental answers setting forth the specific defense involved herein should be granted, since the supplemental answers are designed to include transactions and events which have occurred since the date of the service of the original answer.

■ The moving defendants' alternative motion for a separate trial on the defense of release should be granted pursuant to Rule 42(b) on the ground that a separate trial as to this specific defense asserted by the moving defendants would, if the defense is found to be valid and a bar to the action, make it unnecessary to try other more complicated issues. The case in chief is a multi-million dollar anti-trust suit which, by its very nature, requires that long and involved interrogatories be served and answered. The moving defendants, therefore, may be saved great trouble and expense if the defense they allege is tried before they are forced to answer the main complaint on its merits. The issues relating to the defense of release are not common to the issues of violation of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, and damages. There should be no unnecessary duplication of testimony, and the trial of this one issue should be relatively brief and uncomplicated.

■ Accordingly, and for the reasons stated in the above paragraph, the moving defendants' motion to stay all pre-trial discovery proceedings and motions with respect to the anti-trust portion of the case should be granted as respects the moving defendants; and the stay should remain in effect until twenty days after the entry of judgment on the separate trial that is to be held in accordance with this decision. This relief is granted pursuant to Rule 33 (and 30(b) as indicated).

Turning now to the cross-motions of the plaintiff, it is apparent that it would be premature to grant the relief sought at this time in view of the fact that the right to such relief may well depend on the outcome of the separate trial to be held. Accordingly, the plaintiffs' motions should be denied without prejudice to renewal before the Court which tries the special issue of release.

Settle order in accordance herewith.