**WINCHESTER DRIVE–IN THEATRE, INC., et al., Plaintiffs,**

v.

**TWENTIETH CENTURY–FOX FILM COMPANY et al., Defendants.**

**BUENA VISTA DISTRIBUTION CO., Inc., Third-Party Plaintiff,**

v.

**UNITED CALIFORNIA THEATRES, INC., et al., Third-Party Defendants.**

**UNITED CALIFORNIA THEATRES, INC., Third-Party Counterclaimant,**

v.

**BUENA VISTA DISTRIBUTION CO., Inc., Does One through Ten, Third-Party Counterdefendants.**

**No. 39632.**

United States District Court
N. D. California, S. D.

April 1, 1964.

Joseph L. Alioto, G. Joseph Bertain, Jr., Maxwell Keith, San Francisco, Cal., for plaintiffs.

Pillsbury, Madison & Sutro, John A. Sutro, John B. Bates, Allan N. Littman, William I. Edlund, San Francisco, Cal., for defendants Universal Film Exchanges, Inc., Twentieth Century-Fox Film Corp., Paramount Film Distribution Corp., Metro-Goldwyn-Mayer, Inc., Warner Bros. Pictures Distributing Corp. and defendant and third-party plaintiff, Buena Vista Distribution Co., Inc.

Donovan, Leisure, Newton & Irvine, Roy W. McDonald, New York City, for defendant and third-party plaintiff Buena Vista Distribution Co., Inc.

Broad, Busterud & Khourie, Michael N. Khourie, San Francisco, Cal., for third-party defendants and third-party

counterclaimant United California Theatres, Inc., Michael Naify and Robert Naify.

ZIRPOLI, District Judge.

This motion presents a question of the applicability of Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed. 2d 988 (1959), to a motion by defendants for a separate trial of an affirmative defense in an antitrust suit. The plaintiffs, independent theatre operators, allege that certain exhibitors and distributors of motion picture films violated the antitrust laws by illegal distribution of first run motion pictures in the San Francisco Bay Area. The present motion is one of several made in four cases which have been consolidated for pre-trial purposes. In the case in which this motion is made there are several plaintiffs, joined against several defendants, a third party complaint, and a third party counterclaim.

The defendants in the primary action allege in their answer that plaintiffs released all of them from all claims prior to January 1, 1958. Defendant Warner Brothers Distributing Corporation alleges that it and plaintiffs have settled all their claims against Warner Brothers. Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, the defendants moved for a separate trial on the validity of the alleged release of all claims prior to January 1, 1958 and the alleged Warner Brothers settlement. Plaintiffs oppose the motion on the ground that the grant of a separate trial would be an abuse of discretion in light of the Supreme Court's ruling in Beacon Theatres v. Westover, supra.

Rule 42(b) provides as follows:

"(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, crossclaim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

Although Rule 42(b) does not specifically provide for a separate trial of an affirmative defense, the courts have interpreted the Rule to permit a separate trial of an affirmative defense in an antitrust case. Momand v. Paramount Pictures Distributing Co., (D.C.Mass.1941), 36 F.Supp. 568; Seaboard Terminals Corporation v. Standard Oil of New Jersey, (D.C.N.Y.1939), 30 F.Supp. 671; Taxin Co. v. Food Fair Stores, Inc., (E.D. Pa.1959), 24 F.R.D. 457 [pre-complaint release]; Sogmose Realties Inc. v. Twentieth Century Fox, (S.D.N.Y.1954) 15 F.R.D. 496 [pre-complaint release]. None of these cases presented the specific problem raised by the plaintiffs in this case; namely, the effect of Beacon Theatres v. Westover.

In Beacon Theatres, the plaintiff, Fox West Coast, sought a declaratory judgment that it had not violated the antitrust laws and requested an injunction prohibiting Beacon from bringing a treble damage action against Fox. Beacon filed an answer and an antitrust counterclaim for treble damages and requested a jury trial. Fox's motion for a separate trial on the equitable issues was granted, and at the separate trial, the Court held that Fox had not violated the antitrust laws. Thereafter, at the jury trial on Beacon's counterclaim, the trial court held that by reason of the doctrine of collateral estoppel, the prior rulings on the antitrust issues in the separate trial operated as a bar against Beacon's action in the jury trial. The Court of Appeals for the Ninth Circuit affirmed. The Supreme Court reversed the Ninth Circuit and held that because the separate trial in equity plus the doctrine of collateral estoppel operated to prevent a jury trial on the antitrust issues, the trial court had abused the discretion permitted it by Rule 42(b). The Court concluded as follows at 359 U.S. 510–511, 79 S.Ct. 956, 3 L.Ed.2d 988:

"If there should be cases where the availability of declaratory judgment or joinder in one suit of legal

and equitable causes would not in all respects protect the plaintiff seeking equitable relief from irreparable harm while affording a jury trial in the legal cause, the trial court will necessarily have to use its discretion in deciding whether the legal or equitable cause should be tried first. Since the right to jury trial is a constitutional one, however, while no similar requirement protects trials by the court, that discretion is very narrowly limited and must, wherever possible, be exercised to preserve jury trial. As this Court said in Scott v. Neely, 140 U.S. 106, 109–110, 11 S.Ct. 712, 714, 35 L.Ed. 358: 'In the Federal courts this [jury] right cannot be dispensed with, except by the assent of the parties entitled to it; nor can it be impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action, or during its pendency.' This long-standing principle of equity dictates that only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims. See Leimer v. Woods, 8 Cir., 196 F.2d 828, 833–836. As we have shown, this is far from being such a case."

From the above statement of the Court, it is clear that plaintiffs' reliance on Beacon Theatres is erroneous for two reasons. First, the Supreme Court based its decision on the fact that the doctrine of collateral estoppel plus the lack of a right to a jury in an equity suit operated to prevent Beacon from having a jury decide the legal issues presented by its counterclaim. In the present case a separate trial on the release and settlement defenses would not determine any of the issues raised by plaintiffs' antitrust complaint. Therefore, the doctrine of collateral estoppel would not operate to bar a jury trial on any of the antitrust issues. Secondly, a separate trial would not deprive plaintiffs of a jury trial on any issue because the separate trial on the release defense would be an action at law which can be tried by a jury.

Plaintiffs have cited two other cases to the Court; namely, Continental Ore Co. v. Union Carbide, 368 U.S. 886, 82 S.Ct. 141, 7 L.Ed.2d 87 (1962), and Poller v. Columbia Broadcasting Co., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). Neither of these cases involved the question presented in Beacon Theatres or in this case; that is, whether the Court would abuse its discretion by granting a separate trial of certain issues in a complex antitrust case. Both Continental Ore and Poller are antitrust cases involving issues of motive and intent; in Continental Ore the Court disapproved of a directed verdict, and in Poller the Court disapproved of an order granting summary judgment. In Continental Ore, Beacon Theatres was cited merely for the proposition that a trial court should be reluctant to remove the issues of antitrust case from the jury. Since plaintiffs in the present case would be entitled to a jury at the separate trial, there is no need for such caution.

There are compelling reasons for granting a separate trial in this case. The complaint contains allegations related to the existence of a conspiracy to fix prices, pricing practices, and the determination of relevant markets. The complicated nature of the proof in an antitrust case in general, the prior history of this particular case, the variety of distribution practices in the motion picture industry, and the multiple parties and cross claims indicate that the proof on the antitrust issues will be voluminous and complex. On the other hand, the record demonstrates that the proof on the release and settlement defenses is quite simple and involves only the interpretation of a few documents and conversations. Considerable time and expense of preparation and trial would be wasted

if the Court did not order a separate trial, and the jury were to later conclude that the releases and settlements were executed and have the force and effect as alleged in the Answer. It would be confusing to a jury to have to separate the evidence relating to the release and settlement issues from the evidence relating to the antitrust issues. The Court would have to give the jury a complicated set of instructions providing for several possible verdicts, since it is possible that some or all of the defendants have been released from some or all of the claims. Therefore, the Court concludes that defendants' motion for a separate trial of issues raised by the alleged release of all claims prior to January 1, 1958 and the alleged Warner Brothers settlement should be granted.

The defendants are directed to prepare an order in conformity with the views expressed in this opinion.