**MODERN FOOD PROCESS CO., Inc., v. CHESTER PACKING & PROVISION CO., Inc.**

No. 115.

District Court, E. D. Pennsylvania.

Dec. 7, 1939.

Saul, Ewing, Remick & Saul and Earl G. Harrison, all of Philadelphia, Pa., and Strauch & Hoffman and James A. Hoffman, all of Washington, D. C., for plaintiff.

Edw. D. McLaughlin, of Chester, Pa., and Frank H. Borden, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a civil action for infringement of a patent for a method of making scrapple loaves.

The defendant has already filed a bill of particulars and has also answered one set of interrogatories. The plaintiff's motion for a bill of particulars was directed mainly to finding out what the defense was going to be, and its interrogatories had to do with the issue of infringement.

The plaintiff has now served upon the defendant written requests for admissions under rule 36, 28 U.S.C.A. following section 723c, and the defendant has moved to strike.

In framing its requests the plaintiff apparently dissected the defendant's answers to the interrogatories and drew a specific request directed to each separate fact contained in them, adding several new requests, each limited to a single fact closely related to some step or feature of the process which the defendant is carrying on in its plant. Although they seem to embody some pretty finely drawn verbal distinctions, the requests are generally adapted to bring out with clarity and precision every detail of the defendant's process.

The defendant's motion to strike attacks the requests mainly on the grounds that they constitute a second set of interrogatories, filed without leave of Court (Rule 33), and that Rule 36(a) limits requests for admissions of fact to relevant matters of fact set forth in relevant documents which have been made the subject of requests. Numerous other objections relating to their form and subject matter were made in the course of the argument. These questions will all be passed without decision for the reason that:

I am of the opinion that the requests for admissions under Rule 36 are not subject to a motion to strike. I subscribe to the view that it was intended that Rule 36 should operate extra-judicially, that is, without burdening the Court with applications for relief from improper requests to admit. See Moore's Federal Practice, Vol. II, Page 2660. One thing which supports this view is the fact that the Rules provide no coercive process to compel a party to respond to requests.

True, failure to make any answer will be taken as an admission for the purposes of the trial or of a motion for summary judgment, but the party served with the requests is not forced to an election between admitting and denying. The last clause of Rule 36 gives him a method by which he can challenge the right of the other party to ask for any particular admission of fact. He may, in his sworn statement, set forth "in detail the reasons why he cannot truthfully either admit or deny" any matter of fact. These reasons may be matters of fact—"I have no knowledge"—or of law—"You have no right to ask". I think there is no difficulty in holding that the fact that a request is not a proper one—for example, that it is directed to irrelevant private matters or violates constitutional rights—would be one good reason why the party respondent "cannot" admit or deny it. His refusal to answer accompanied by a statement of legal objection would certainly be sufficient to prevent summary judgment and could not be used as an admission against him at the trial.

The party who has served the requests merely goes ahead and endeavors to prove the facts at the trial. If he is able to do so, the Court may, in its discretion, impose the extra expense of the proof, including an attorney's fee, upon the opposing party, who has created the extra expense by his unjustified avoidance of admission. If the legal reasons for not answering present a fairly debatable question and have been presented in good faith, the Court would probably find them "good," even though not sustained.

The statement setting forth reasons is really a sort of suspended or postponed demurrer. The practical effect of it is that the party served with requests for admissions will have to decide for himself whether there are good reasons for refusing either to admit or deny and take the risk of having to pay the costs incurred in proving them, instead of having the Court advise him in advance as to what course he ought to take.

The motion to strike is denied.