**THOMAS FRENCH & SONS, Limited, v. CARLETON VENETIAN BLIND CO., Inc.**

**No. 507.**

District Court, E. D. New York.

Jan. 19, 1940.

H. C. Bierman, of New York City, for plaintiff.

John B. Cuningham, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is an action for the infringement of U. S. Patent No. 2,156,150 issued April 25, 1939, and U. S. Patent No. 2,156,151 issued April 25, 1939; both patents were issued to Thomas French & Sons, Ltd., as assignee of George F. French.

Pursuant to Rule 36 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the defendant's attorney served the plaintiff's attorney with a request for admission of the following facts:

"1. That the article by Edwin J. Gibbons, entitled 'Ladder Tape—Narrow Fabric of Unique Construction', photostatic copy of which is attached hereto, appeared at page 58 in the January 1933 issue of the periodical 'Textile World', published and distributed in January 1933.

"2. That pages 117 and 118 of a book entitled 'Technology of Textile Design', by Posselt, photostatic copies of which pages are attached hereto, were published and distributed with said book in 1896."

The facts sought are the dates of publication of two prior art references cited by the defendant in its answer.

The motion is based upon the grounds, (1) that the request did not set any time limit for reply by the plaintiff, and (2) that Rule 36 under which this admission is sought allegedly covers only those situations where the fact sought to be admitted is within the special and specific knowledge of the party requested to make the admission.

In urging the absence of a time factor in the request as a reason for insufficiency, plaintiff attempts to convert a provision which puts a time limitation on the person required to admit the fact in-

to a limitation on the validity of the request itself. Niceties of argument which lose sight of the purposes of the rules should find no place in their interpretation. Moreover, under Rule 36, the court is given power to fix the time to which plaintiff has reference so that dismissal is hardly the remedy if the requirements of justice dictate otherwise.

So far as plaintiff's second objection is concerned, again it seeks to narrow the intended scope of Rule 36. If there is reason why plaintiff is unable to deny or admit the fact in question, the remedy is via a sworn statement to that effect as prescribed in the rule. From the reasons set forth on this motion, however, it does not appear that such inability exists, since all the request necessitates is confirmation of a fact by momentary reference to the publication in question. If, perchance, there is actual inability to answer, plaintiff may set forth the reasons therefor in a sworn statement within ten days of the entry of the order. Its resort should not be, as attempted herein, to a motion to dismiss, for that represents a clear departure from the procedure outlined by Rules 36 and 37(c).

Settle order on notice.