### VAN HORNE v. HINES, Adm'r of Veterans Affairs.

### No. 2379.

District Court of the United States for the District of Columbia.

Feb. 7, 1940.

C. L. Dawson, of Washington, D. C., for plaintiff.

David A. Pine, U. S. Atty., and John H. Mitchell, Asst. U. S. Atty., both of Washington, D. C., for defendant.

LETTS, Justice. ·

The plaintiff made a request under Rule 36, 28 U.S.C.A. following section 723c, asking the defendant to admit the truth of various matters of fact specified. The defendant has served upon the plaintiff a sworn statement admitting in part and denying in part the truth of the matters set out in the request. Such sworn statement was signed by an Assistant United States Attorney of counsel in the case.

Plaintiff complains and moves to strike the sworn statement, contending that the rule requires that the sworn statement shall be signed by the defendant or someone having personal knowledge of the matters set out in the statement. Specifically he objects to the signing of the statement by the Assistant United States Attorney. Defendant insists that the sworn statement must of necessity be made by the person who has interviewed the necessary employees of the Veterans' Administration and has examined the records containing facts essential to truthful answer to plaintiff's request; that such preparation was made by the Assistant United States Attorney enabling him· better than anyone else to truthfully and intelligently make answer to plaintiff's request.

Neither plaintiff's request for admission nor defendant's sworn statement in response thereto may properly be regarded as pleadings in the case. The rule in direct terms makes the procedure available after the pleadings are closed. The procedure involved in the request by plaintiff and the sworn statement of defendant do not relate to the issues to be heard and determined but pertain to the manner or necessity of proof of the matters of fact set forth in the request.

■■ The sworn statement is not subject to a motion to strike. The rule does not require the defendant to make any response to plaintiff's request. On the contrary it does specify the result which follows defendant's failure to answer. In such event the truth of the matters of fact set out in the request shall be deemed admitted.

■ It is defendant's privilege to serve a sworn statement, if he wishes to deny the truth of all or any part of the matters of fact set out in the request; or he may serve no statement at all if he is willing to have the matters of fact set out in the request taken as true. It is for the trial court to determine whether defendant's sworn statement relieves plaintiff of the necessity for proof of all or some of the matters of fact as are deemed to be necessary to plaintiff's recovery. All necessary facts not admitted must be proved at the trial.

·■ The rule does not indicate that a sworn statement when served shall be signed by the adverse party. It is considered sufficient for the purpose and spirit of the rule if such sworn statement be made by one who knows or upon information believes the truth of matters stated therein. In the case of denial it may be necessary in a particular case for the trial court to determine whether the sworn statement puts in issue the facts therein denied. It does no more than limit the scope of proof to controverted matters of fact.

■ A party need not respond to a request under Rule 36 by setting out the evidence by which he intends to support the sworn statement nor give the names of the witnesses to be called by him.

■ The rule does not require personal knowledge on the part of the affiant. If the means for information are within his power and he avails himself of same the requirement of the rule is met. The purpose of the rule is to expedite trial and to relieve parties of the cost and labor of proving facts which will not be disputed on the trial and the truth of which can be ascertained by reasonable inquiry. The sworn statement as made and signed was in harmony with the rule.

For the reasons stated plaintiff's motion to strike the sworn statement will be overruled.