## PENMAC CORPORATION et al. v. FALCON PENCIL CORPORATION.

District Court, S. D. New York.

March 23, 1942.

Frederic P. Warfield, of New York City, for plaintiffs.

Percy Freeman, of New York City, for defendant.

LEIBELL, District Judge.

The following rulings are made on plaintiffs' objections (dated March 13, 1942) to defendant's interrogatories (dated March 3, 1942).

Objection is sustained to the last clause ("and what Plaintiffs assert such claim or claims cover") of interrogatories 3, 9, 15, 21, 27, 33, 39 and 45.

Objection is sustained to subdivision (b) of interrogatories 4, 10, 16, 22, 28, 34, 40 and 46.

Objection is sustained to interrogatories 6, 12, 18, 24, 30, 36, 42 and 48.

Objection is sustained to interrogatories 57, 58, 59, 62, 65, 67, 68, 79, 82, 83, 84, 85, 86, 87, 88 and 90.

All other objections to interrogatories are overruled.

Plaintiff is directed to answer all interrogatories to which objection has not been made and all interrogatories to which objections, if made, have not been sustained.

Defendant served on March 5, 1942, thirty-five requests for admissions under Federal Rules of Civil Procedure, rule 36, 28 U.S.C.A. following section 723c. That rule operates extrajudicially. The Court will not consider an application for relief from compliance with the rule. Modern Food Process Co., Inc., v. Chester Packing & Provision Co., Inc., D.C., 30 F.Supp. 520. Plaintiffs' attorney "will have to decide for himself whether there are good reasons for refusing either to admit or deny and take the risk of having to pay the costs incurred in proving them, instead of having the Court advise him in advance as to what course he ought to take". However, I will extend plaintiffs' time ten days after the entry of an order on this motion, within which to deny specifically the matters of which an admission is requested or to set forth in detail the reasons why plaintiffs cannot truthfully either admit or deny those matters.

Submit an order in accordance with this memorandum, on two days' notice.