**MOSCOWITZ v. BAIRD et al.**

United States District Court
S. D. New York.

June 13, 1950.

234

Archibald Palmer and Samuel Masia, New York City, for plaintiff.

Harte & Natanson, New York City, for defendants George T. Baird and others, doing business as Commercial Trading Co.

Herman Scheckner, New York City, for defendants Silverman and Weinberger.

McGOHEY, District Judge.

The defendants severally and individually object, under Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to each of 267 items in plaintiff's notice of request for admissions. They also move to strike out and dismiss the notice. It is claimed among other things that the notice on its face discloses that the requests are so unduly prolix that neither the defendants nor the court should "be burdened with the task of separating therefrom such items of said notice, if any, as may be proper."

The defendants' attorneys have indeed acted on this principle. On argument, as well as in their main memorandum, they made no attempt to reach the merits. They seemed to assume that generalized criticisms, coupled with the number of requests, were enough to relieve them of the duty imposed by the Rule. In a reply memorandum they retreat somewhat from that extreme position but not sufficiently to be of any substantial aid to the court on the merits. Prior to the amendment which became effective on March 19, 1948, Rule 36 was held by many district courts to be intended to operate extrajudicially, and objections such as here made were accordingly dismissed.[1] The provision for filing and hearing objections was certainly not designed to achieve the other extreme urged by defendants here. The number of requests is large, to be sure, but not unreasonably so in the circumstances of this case.

The plaintiff is the trustee in bankruptcy of Clothing Reclamation Services, Inc. which, in an involuntary proceeding, was adjudged a bankrupt on October 27, 1947. Its scheduled liabilities amount to $288,-093.26 and its assets, consisting of accounts receiveable, are $45,551.51.[2] This suit was authorized by Referee Kurtz, who is in charge of the proceeding.

The defendant Silverman was president, treasurer, a director and sole stockholder of the bankrupt.

The remaining defendants, copartners in a moneylending business known as Commercial Trading Co., purchased accounts due the bankrupt and advanced it money thereon.

The complaint alleges a conspiratorial juggling of accounts among and by all the defendants, whereby no creditors other than defendant Commercial Trading Co. could be paid and that it obtained and kept far more money than its due. The complaint sets forth in detail the various steps of the alleged conspiracy, and the requested admissions relate to them. Each item is so clearly described that no defendant questioned about it could have any difficulty in answering. Indeed, the reply brief enumerates items which are said to be not within the knowledge of various defendants. These statements, of course, should

1. Penmac Corporation v. Falcon Pencil Corporation, S.D.N.Y., 2 F.R.D. 492; Modern Food Process Co., Inc., v. Chester Packing & Provision Co., E.D.Pa., 30 F.Supp. 520.

2. The complaint alleges that these are worthless.

be made by the several defendants, not by their counsel. And they should be made under oath.

I do not agree that all the items objected to as conclusions are such in fact. With exceptions noted hereafter they, too, should be answered.

The Rules should be construed liberally in order to facilitate the disposition of cases. An action by a trustee against those having intimate knowledge of a bankrupt's business and control of its finances is surely not one where delaying technical objections should be permitted.

The objections are sustained as to items D(41) and F(100). As to all other items, the objections are overruled. The motion to strike the notice of request for admissions is denied. Defendants may have ten days from the entry of an order in this motion to respond to the requests.

Submit order.