## DULANSKY et al. v. IOWA–ILLINOIS GAS & ELECTRIC CO.

Civ. No. 1–15.

United States District Court
S. D. Iowa, Davenport Division.

June 30, 1950.

See also 10 F.R.D. 146.

Walter A. Newport, Jr. (of Newport, Bybee & Wine), Davenport, Iowa, for plaintiffs.

Larned A. Waterman and Otto C. Bauch (of Lane & Waterman), Davenport, Iowa, for defendant.

SWITZER, District Judge.

The main action here is one for damages by reason of the claimed negligence of the driver of a bus owned and operated by the defendant, in colliding with and striking Gary Dulansky, the 10 year old son of the plaintiffs, inflicting injuries to said child from which he died on Dec. 1, 1948. The pleadings are closed and it is the contention of the defendant that: the decedent died as the result of a fall from his bicycle but not as the result of any collision with the bus owned by the defendant company.

Considerable discovery procedure has heretofore been undertaken by the respective parties and on March 30, 1950, the defendant served upon the plaintiffs 48 requests for admissions. On April 3, 1950, the plaintiffs served upon the defendant their duly verified responses to each and all of the 48 requests propounded, whereupon the defendant on April 18, 1950, served upon the plaintiffs a paper denominated "Motion of the Defendant for Certain Orders and Application for Pre-trial Conference," in which the defendant attacks the sufficiency and propriety of certain of the responses of the plaintiffs to said requests pursuant to Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Thereafter, on April 21, 1950, plaintiffs served their second request for admissions upon the defendant and on the same day their second interrogatories, whereupon the defendant served upon the plaintiffs its, "Motion of the Defendant for Extension of Time in which to respond to Certain Interrogatories and Requested Admissions." The matters raised in each of these motions will be treated separately.

### Motion of the Defendant for Certain Orders and Applications for Pre-trial Conference.

For sake of brevity the various numbered requests, the answer of the plaintiffs to

which are attacked by the defendant, will be set forth in accordance with the numbered paragraphs of the motion.

1.

Plaintiffs' responses to Requests, 2, 3, 4, 7, 8, 10, 19, 23, 24, and 25, are attacked for the reasons urged by the defendant that plaintiffs' denial for lack of information on each of such requested admissions presents no issues of fact, does not create any dispute as to any such facts and the denial itself does not constitute a proper response contemplated by Rule 36 of the Federal Rules of Civil Procedure, and for the further reason that plaintiffs are possessed of the means of information and could have obtained knowledge of the truth of such matters by reasonable inquiry but have neglected or refused to make such inquiry.

2.

Plaintiffs' responses to Requests numbered 11, 12, 13, 17, 18, 19, 20, 25, 28, 31, 32, 34, 38, 39, 43 and 48, are attacked for the reasons urged by the defendant that each of such requested admissions is based substantially upon the facts as disclosed during a coroner's inquest on the death of Gary Dulansky held on Dec. 6, 1948, at Davenport, Ia., and participated in by counsel for plaintiffs. That plaintiffs or their counsel have a copy of the transcript of such proceedings and that plaintiffs' denial of each such requested admissions is contrary to the facts elicited at said coroner's inquest and that such denial of each such requested admissions is not based upon other evidence, either direct or circumstantial, but upon an unsupported theory of the case promulgated by counsel for the plaintiffs.

3.

Plaintiffs' responses to Requests numbered 1, 5, 6, 11, 12, 13, 14, 15, 16, 17, 18, 20, 28, 31, 32, 34, 35, 36, 38, 39, 41, 42, 43, and 48, are attacked for the reasons urged by the defendant that plaintiffs' denial of each such requested admissions is not based upon evidence either direct or circumstantial, but upon an unsupported theory and is contrary to the testimony and statement of the plaintiffs having knowledge of the facts sought

to be admitted and for the further reason that plaintiffs were possessed of the means of information and could have obtained knowledge of the truth of such matters by reasonable inquiry but have neglected or refused to make such inquiry.

Defendant attaches to its motion the affidavit of Robert L. Phifer, M.D., dated April 6, 1950, who attended the decedent and made an examination of his person immediately following his death. Defendant further attached a certified transcript of the evidence taken at the coroner's inquest, together with the conclusions and findings of the coroner's jury.

To each and all of the foregoing numbered responses attacked by the defendant in its motion, the following relief is sought:

Defendant prays that this court make a finding that plaintiffs' denial of each such requested admission does not constitute a proper or good faith response contemplated by Rule 36 of the Federal Rules of Civil Procedure, and that each such response does not fairly meet the substance of each such requested admission, and that upon such findings of fact an order be entered by the court that the matters regarding which such requests for admission were asked shall be taken to be established or admitted for the purposes of this action, or in the alternative, as follows:

(a) An order refusing to allow plaintiffs to introduce in evidence testimony upon or to oppose the matters regarding which such requests for admission were asked;

(b) A ruling that, for the purposes of summary judgment, the matters of fact contained in such requests for admission are without substantial controversy or are not actually and in good faith controverted; or

(c) An order compelling either a proper good faith answer based upon evidence and not upon conjecture or conclusion or theory, or a response stating that plaintiffs cannot truthfully admit or deny such matters, giving in detail the reasons therefor and lastly, an order for a pre-trial conference, pursuant to Rule 16 of the Federal Rules of Civil Procedure.

To cure obvious shortcomings under old Equity Rule 58 and those under the original Rule 36 enacted in 1938, that rule was amended, effective March 19, 1948, the material parts of which are as follows:

"Rule 36(a). Request for Admission. After commencement of an action a party may serve upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth in the request. * * * Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part, together with a notice of hearing the objections at the earliest practicable time. If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder."

At the outset it must be realized that requested admissions and responses thereto are not pleadings and are not governed by the rules applicable to pleadings, but rather are a part of the proof and are to be treated on an equality with sworn testimony and must therefore be under oath. Beasley v. United States, D.C., 81 F.Supp. 518; Van Horne v. Hines, D.C., 31 F.Supp. 346. Responses should therefore state the ultimate fact requested based upon the evidence presently within the knowledge of the respondent or capable of ascertainment by him from third persons by reasonable inquiry.

Some of the cases suggest the purpose of the rule is only to eliminate necessity for proof of uncontroverted or uncontradicted facts and that requests as to controverted or disputed facts are improper. Electric Furnace Co. v. Fire Ass'n of Philadelphia, D.C., 9 F.R.D. 741. The rule itself however seems clearly to answer such a holding in the negative for it should be remembered that Rule 36 provides a mechanism for specific denial or requests as well as qualified responses. If contested or disputed facts are not properly the subject matter of this procedure, no such safeguards would have been set up in the rule itself. Naturally, responses to disputed facts will be in the negative, or at least qualifiedly so. The net result of admissions in actual practice therefore is, as the courts have indicated, to thereby resolve undisputed facts. But to confine the request to matters which are known to the party making the request to be uncontradicted, even though denied in the pleadings, would be too narrow and too strict an interpretation for this court to adhere to, in view of the broad and liberal treatment given to the discovery process generally.

There are two schools of thought to be found among the district court decisions heretofore announced as to whether the respondent is required to go beyond his personal knowledge and obtain the information requested from third persons. On the one side the view expressed by the court in Booth Fisheries Corp. v. General Foods Corp., D.C.Del.1939, 27 F.Supp. 268, is to the effect that a respondent should not be required to ascertain the truth of a requested admission through a third party, on the ground that one party cannot cast the burden of its proof upon the other. To the same effect see Wilson v. Gas Service Co., D.C.W.D.Mo.1949, 9 F.R.D. 101; U. S. v. Lewis, D.C.N.J.1950, 10 F.R.D. 56.

On the other side appears a line of authority holding in effect that the failure of the Rule to limit the subject matter

of a response, even though it be required to be given under oath, to matters within the personal knowledge of the respondent permits a requirement that the respondent make an investigation of third persons in order to acquire sufficient knowledge to comply with the request; the effect being that the procedure may be employed in connection with any relevant matters.

"The truth of which can be ascertained by reasonable inquiry." Hanauer for use of Wogahn v. Siegel, D.C., 29 F.Supp. 329; Van Horne v. Hines, D.C., 31 F.Supp. 346; Walsh v. Conn. Mutual Life Ins. Co., D.C., 26 F.Supp. 566; Thomas French & Sons v. Carleton Venetian Blind Co., D.C., 1 F.R.D. 178. The gist of opinion by text-writers upon this subject appears to be that the latter is the better rule. See, Holtzoff, New Federal Procedure and the Courts (1940) 98; Seventh Annual Report, N.Y. Judicial Council (1941) 303, abridged 5 F.R.Ser. 869. To this court also the latter view seems to be the better reasoned and should be followed, subject to one qualification as to the extent of the required inquiry, which I feel must be recognized in order that substantial justice result from the imposition of the rule.

■ As responses under Rule 36 become by operation of the rule, in effect, sworn testimony binding at the trial upon the respondent, would it therefore be proper to require a respondent to ascertain from third persons, known to him and to the court to be hostile or interested in the outcome of the suit, facts upon which to predicate a sworn response? I think not. Such an interpretation of the rule would result in depriving the respondent of the right of examining such witness as permitted by Rule 26(c) in deposition proceedings, as an adverse witness at the trial under Rule 43(b), and the right of cross-examination, for the reason that the response made under oath pursuant to Rule 36 would henceforth bind him as to the subject matter and text of that response. Difficulty is at once encountered under this view as to who or what a "hostile witness" may be in the light of this discussion. I shall not attempt an over-all definition. For the purpose of the instant case, however, it seems clear that only Hughes, the bus driver, and an employee of the defendant stands in that relationship with these plaintiffs. The plaintiffs are, of course, bound to notice the sworn testimony of Hughes as well as that of all other witnesses taken at the coroner's inquest for the purpose of preparing responses to requests for admissions, but plaintiffs need go no further to ascertain additional facts from Hughes. Requests therefore, the responses to which would require the ascertainment from Hughes of facts additional to those based upon his testimony at the coroner's inquest would be improper.

Rule 36(a) in part provides: "Each of the matters of which an admission is requested shall be deemed admitted unless * * * the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections * * * *A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder.*" (Emphasis by court.)

■ The above-quoted portion of Rule 36(a) demonstrates clearly the drastic character of the burden placed upon the one to whom the requests are made. It is clear, unambiguous, unequivocal and means just what it says. Walsh v. Conn. Mut. Life Ins. Co., D.C., 26 F.Supp. 566. The party served with a request for an admission which he finds legally objectionable shall respond thereto not by denying the requested admission but by making written objection upon whatever legal grounds he feels himself entitled to under Rule 36. And, as stated in the rule, a denial shall fairly meet the substance of such requested admission and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is

requested, he shall specify so much of it as is true and deny only the remainder. There can be no evasion from this requirement. One cannot answer properly in the alternative but must comply strictly and literally with the terms of the statute upon his peril of having his response construed to be in legal effect an admission.

■ It is for the court therefore to interpret and determine the legal effect and sufficiency of given responses in the light of Rule 36, rather than to attempt by order to coerce what the court might determine to be proper responses.

■ As the burden of making proper responses under Rule 36(a) is squarely upon the party to whom the requests are directed, that party must under ordinary circumstances decide for himself the propriety of each given response, in the knowledge that if it fails to meet the literal test of Rule 36(a) such response will be deemed an admission as a matter of law. Momand v. Paramount Pictures, D.C., 36 F.Supp. 568; Batson v. Porter, 4 Cir., 154 F.2d 566; Modern Food Process Co. v. Chester Packing & Provision Co., D.C., 30 F.Supp. 520.

■ It is not proper to refuse to respond to a requested admission on the ground that the requesting party has the burden of proving the matters asserted therein. Adventures in Good Eating, Inc. v. Best Places to Eat, 7 Cir., 131 F.2d 809. And a party must respond to a requested admission even though the matters requested therein may be controverted by verified pleadings. In re Independent Distillers of Ky., D.C., 34 F.Supp. 724. It is, of course, fundamental that a person is estopped to deny the truth of his responses for the purposes of the action, including a response evidencing lack of information; International Carbonic Eng. Co. v. Nat. Carbonic Products, D.C., 57 F.Supp. 248. A bad response is treated as no response at all and hence an admission. Walsh v. Conn. Mut. Life Ins. Co., supra.

■ Although the district courts are given a wide discretion under Rule 37(c) to enforce the operation of Rule 36, it should be observed that, as stated in Moore's Federal Practice, 1949, Supp. p. 182, citing Modern Food Process Co. v. Chestern Pack. & Prov. Co., D.C., 30 F.Supp. 520, and Penmac Corp. v. Falcon Pencil Corp., D.C., 2 F.R.D. 492: "It is intended that Rule 36 operate extra-judicially, that is, without burdening the court with applications for relief from improper requests to admit. Rule 36 provides the procedure to be followed by a party who deems the request to admit is improper. He should serve a sworn statement that he is unwilling to admit the truth of certain facts and state in detail the reasons why the requests to admit is improper as to those facts."

■ Further, on p. 183 (notes) Moore states: "Ordering admissions or denials is not authorized for if the reasons set forth for not admitting or denying are insufficient, and the facts of which admission is requested are relevant, the facts stand admitted. Likewise a motion to strike a response is not entertained." Momand v. Paramount Pictures, D.C., 36 F.Supp. 568.

There may be some question whether or not the use of the word "denied" in a response is sufficient in and of itself to meet the requirement that matters be "specifically denied."

■ This court is of the opinion, however, that the use of the word "denied" in and of itself does amount to a specific denial of all of the affirmative facts set forth in the request. When, however, the word "denied" is qualified by a statement that the responding party does not have knowledge or information upon which to form a belief, such a response is a nullity as the legal effect is to admit the facts contained in the request. The rule requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid, short of a frank statement that the party cannot truthfully respond, stating the reasons or grounds therefor, will not be countenanced.

One authority, Wilkinson v. Powell, 5 Cir., 149 F.2d 335, 337, holds that a flat denial does not necessarily meet the requirement of the statute. In that case the plaintiff, a conductor of the defendant railway company, was injured. Defendants served a request in which they set forth in

some detail the manner in which plaintiff was injured. Plaintiff responded as follows: "Plaintiff denies that the manner in which he received the injuries was as he was requested to admit in defendants' request No. 3." Subsequently, defendants moved for summary judgment under Rule 56, attaching to their motion an affidavit reiterating the facts set forth in the request, to which no reply affidavit was filed by the plaintiff. The court held that in the absence of a reply affidavit, it had but to look to the request for admission and the response thereto upon which to determine whether a genuine issue as to a material fact with reference to the manner in which the injury occurred existed. The court resolved the matter against the plaintiff and granted the motion for summary judgment. In effect, the court there imposed upon the responding party an additional burden, not only to deny the facts set forth in the request, but to then qualify the response by admitting such portion of it as was true, plus a statement of his conception of the true facts as to the remainder.

█ It was apparent to the court that when these matters were argued that counsel on each side were seeking a clarification by the court as to its interpretation of Rule 36(a) as amended. Under the circumstances, I am unable to find any bad faith presently existing in the record by either side and consistent with the learned remarks by Judge Moscowitz in Walsh v. Conn. Mutual Life Ins. Co., supra, I believe it to be in the interest of substantial justice and better practice to permit the plaintiffs additional time within which to comply with defendant's requests for admission, in order that the responses may be made consistent with the import of this opinion.

█ Plaintiffs' second request for admissions and second interrogatories served upon the defendant on April 21, 1950, should not and will not be required to be answered until counsel for the plaintiffs serve upon the defendant their amended responses to its requests for admissions previously served on plaintiffs, if any such amended responses are so served.

As quickly as the pending discovery procedure here referred to is disposed of and before this cause is called for trial, the court will order a further pre-trial conference between the parties pursuant to Rule 16.

The Clerk will therefore enter the following order:

This matter coming on for hearing in Des Moines, Iowa, before this court on the motion of the defendant for certain orders upon plaintiffs' responses to defendant's requests for admission under Rule 36 of the Federal Rules of Civil Procedure and for an extension of time to respond to plaintiffs' second request for admissions and interrogatories, and on the motion of the plaintiffs to require the defendant to make objection with respect to plaintiffs' second request for admissions and interrogatories, and the same having been argued both orally and by briefs of the parties, and the court now having filed its memorandum opinion thereon;

It is ordered that the "Motion of the Defendant for Certain Orders" be, and it is, hereby in all respects overruled.

It is further ordered that the plaintiffs be and they are hereby granted until July 20, 1950, within which to serve upon the defendant and file herein their amended and substituted responses to the 48 requests for admissions heretofore served upon them by defendant.

It is further ordered that the motion of the defendant for an extension of time in which to respond to plaintiffs' second interrogatories and requests for admissions be and it is hereby sustained, and defendant is granted until Aug. 5, 1950, in which to make such answer and response.

Both parties except.