**JONES et al. v. BOYD TRUCK LINES, Inc., et al.**
**BOLTE v. BOYD TRUCK LINES, Inc., et al.**
Nos. 6248, 6359.

United States District Court
W. D. Missouri, W. D.

Jan. 3, 1951.

C. A. Randolph, Kansas City, Mo., for plaintiffs.

Sam Mandell, Kansas City, Mo., for defendants.

RIDGE, District Judge.

In this tort action, arising out of a collision between two motor vehicles, plaintiffs have served on defendants requests for admissions of fact under Rule 36(a), Federal Rules of Civil Procedure, 28 U.S.C.A., as follows:

"That the points of initial impact of the vehicles in the collision were the front end of the eastbound automobile and the left rear of the westbound semi-trailer of the truck and semi-trailer combination of defendants.

"That after the initial impact between the two vehicles the truck and semi-trailer combination pulled the eastbound automobile back west along said highway for a distance of about 103 feet before said automobile came to a stop."

Defendants have filed motion to quash such requests upon the ground that they are "improper" in that: " * * * plaintiff in effect is requesting these defendants to prove elements of plaintiff's case by evidence of which plaintiff is possessed or which he can obtain from third persons * * *"

and because the: " * * * requested admissions deal with disputed matters of fact, that defendants are requested to give their conclusions as to such ultimate facts, that such conclusions invade the province of the triers of the fact, that the defendant-driver did not see the actual collision; that defendants cannot answer said requested admissions except by stating conclusions which might be drawn from photographs

and statements of witnesses regarding the location of debris on said highway after the collision."

There is no question about the relevancy of the facts, admission of which are here requested, to the issues involved in this action. If established by competent testimony, they would constitute some evidence of the ultimate fact of negligence here charged. Are they "improper" under Rule 36(a) for the reasons stated by defendants?

The theory and purpose of Rule 36(a) is to provide an effective method whereby the parties to an action may interrogate each other to ascertain before trial just what facts are in dispute between them. The intendment of that rule is that parties to litigation should not consume time at trial, or be put to expense in making proof of evidentiary, or ultimate facts appearing in a case that are not substantially contested.

Rule 36(a) was not designed to make discovery of the existence of facts, as such. It was designed as an effective method to discover and circumscribe contested factual issues in a case, either basic or ultimate facts, so that the disputed issues may be clearly and succinctly presented to the trier of facts. When requests for admissions of fact and responses are made pursuant to the provisions thereof, they "are not pleadings and are not governed by the rules applicable to pleadings, but rather are a part" of the record proper in the case, Dulansky v. Iowa-Illinois Gas & Electric Co., D.C., 92 F.Supp. 118, 122, and as such they are to be treated and considered by the trier of the facts from the standpoint as to whether a *prima facie* case, or given defense, has been established, or in weighing such admissions with the other evidence in the case to determine that situation.

Such being the office of requests and responses made under said rule, it should be clear that a request made for admission of a fact, though it be as to a part of the burden of proof of a party to litigation; or, that calls for evidentiary matter that is equally available to, and known by, the parties; or, which deals with a disputed matter contained in the pleadings; is not an improper one under Rule 36(a), supra. The rule seeks to eliminate the necessity for proof of uncontroverted facts. Naturally, if it is to be effective for that purpose, requests may be propounded thereunder seeking admission of every fact in a case relevant to the issues, whether such fact is one that is known to the interrogator, Hanauer, for Use of Wogahan v. Siegel, D.C., 29 F.Supp. 329, is a part of his burden of proof, Adventures in Good Eating, Inc. v. Best Places to Eat, Inc., 7 Cir., 131 F.2d 809, or is contested in the pleadings, In re Independent Distillers of Kentucky, D.C., 34 F.Supp. 724. It is within the contemplation of that rule that its effective use will be made for that purpose, after resort has been had to other discovery means and at a time when the facts in a case have become fully revealed to the parties and so congealed that the truth thereof is known or may be ascertained upon reasonable inquiry. The better reasoned authorities hold if the rule is to be circumscribed as defendants would here have us do, its effectiveness would be wholly destroyed and obliterated. See Dulansky v. Iowa-Illinois Gas & Electric Co., supra, and cases there cited by Judge Switzer.

Defendants say, however, that they "cannot answer said requested admissions except by stating conclusions which might be drawn from photographs and statements of witnesses regarding the location of debris on said highway after the collision." The requests and objections made herein present a clear example of the difficult position the courts are constantly being placed in to determine before trial whether a given request for admissions of fact should or should not be suppressed as being "improper" under Rule 36(a). The requests here appear on their face to be ones calling for an admission of direct fact. Yet defendants say that they cannot determine that fact except by stating a conclusion. The recent trend of cases seems to favor suppression of requests for admissions of fact if they call for answers constituting opinion rather than facts. Bowles v. Soverinsky, D.C., 65 F.Supp. 808; Electric Furnace Co. v. Fire Ass'n of Phila., D.C.,

9 F.R.D. 741; Waider v. Chicago R. I. & P. R. Co., D.C., 10 F.R.D. 263. However, in the latest edition of Moore's Federal Practice, it is said: "At least where the borderline between fact and opinion is shadowy, or where an opinion is relevant to an issue in the case, the preferable course would be to hold that the request requires an answer." 4 Moore Fed.Prac. (2 ed. 1950) 2713.

It seems to me that in the cases where requests for admissions have been quashed because they call for conclusions or opinions, the courts have failed to distinguish that when Rule 36(a) authorizes requests for admission "of the truth of any relevant matters of fact" it is not only referring to direct basic facts, but also to ultimate facts, that is, facts which are conclusions acquired by reflection and natural reasoning deduced from primary evidentiary facts. In so doing, I believe too strained an interpretation is being made of the provisions of said rule. If the admission of an ultimate fact can be obtained under said Rule 36(a) as a factual conclusion, that removes an issue of fact from the trial of a case, just as does an admission concerning a basic fact. That is just as desirable a result to be obtained by that rule as any other type of admission that may be sustained thereunder, and appears to be within the contemplation of the rule.

Here defendants say that they cannot make an answer to the requested admissions except by concluding from circumstantial evidence, such as photographs of the damage to the motor vehicles in question, and other basic facts available to them, of which they admittedly now have knowledge. The cases hold that in making responses under said rule a party must do so based upon the evidence presently within his knowledge or capable of ascertainment by him from third persons by reasonable inquiry. Hanauer, for Use of Wogahan v. Siegel, supra; Van Horne v. Hines, D.C., 31 F.Supp. 346; Walsh v. Conn. Mut. Life Ins. Co., D.C., 26 F.Supp. 566; Dulansky v. Iowa-Illinois Gas & Elec. Co., supra. In 4 Moore's Fed.Prac. (2 ed. 1950), it is said: " * * * the proper view, in keeping with the purpose of securing admissions before trial to expedite the actual trial, would seem to be that where a request for admissions is made under Rule 36, a party must answer, even though he has no personal knowledge, if the means of information are reasonably within his power."

Consonant with that requirement, it occurs to me that if from all the circumstances now known to defendants they can make answer to the instant requests, they should do so, even though it may require the forming of a conclusion by them from circumstantial evidence. A true conclusion so reached by them is not anathema to the requirements of Rule 36, supra. It will, if such facts are not contested, remove from the trial of this case all those facts and circumstances which defendant says are presently known to it and the time of trial will be conserved to that extent. That is one of the purposes of said rule. If defendants cannot do so, then let them deny the truth of the requested admissions, if that is their belief, or state the reasons why they cannot admit or deny the same. There are plenty of safeguards in the rule, so that defendants can make safe answer to said requests.

Notwithstanding the 1946 Amendment of Rule 36, it is still intended that such rule will work extra-judicially to a certain extent and without unduly burdening the courts. A party called upon to respond to requests made thereunder still has to determine, at the peril of the sanctions provided in Rule 37(c), what sort of answer he will make to requests for admissions of fact without direction from the court. The desirability of the 1946 Amendment to said Rule was not intended to place upon the courts the duty of directing the parties to litigation how they should assume that burden. The "otherwise improper" provision inserted in said rule was not intended to permit parties to obtain rulings on the admissibility of evidence, or to authorize ordinary objections such as hearsay, improper conclusion, etc., to be made and determined before trial. Such provision was inserted in said rule, addressed to the sound discretion of the court, so that protective

orders, such as are contemplated and permitted under Rule 30(b), may be made; which permits the granting of relief to a party from "absurdly onerous," unfair and burdensome tactics, as where "good faith" or harassing conduct is involved. Cf. Sulzbacher v. Travelers Ins. Co., D.C., 2 F.R.D. 491; Moscowitz v. Baird, D.C., 10 F.R.D. 233.

Defendants' motion to suppress requested admissions of fact served upon them by plaintiff is by the Court overruled.