78 N.J. Super. 265 (1963)
188 A.2d 314
RUTH L. WILLIAMS, EXECUTRIX OF THE ESTATE OF HERBERT J. WILLIAMS, PLAINTIFF,
v.
DOMINICK MARZIANO AND WILLIAM S. BRANDT, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 14, 1963.
*266 Mr. David A. Rappeport, attorney for plaintiff.
*267 Mr. Joseph T. Ryan for defendant Dominick Marziano (Messrs. Lamb, Blake, Hutchinson & Dunne, attorneys).
Mr. James T. Clare for defendant William S. Brandt (Messrs. Stryker, Tams & Dill, attorneys).
GLICKENHAUS, J.C.C. (temporarily assigned).
The first part of this motion is to strike requests for admissions served by the plaintiff upon the defendants in a wrongful death action. Five requests for admissions were made. Defendant Brandt answered requests Nos. 1 and 2, but objected to requests Nos. 3, 4 and 5, and moved to strike those requests as calling for matters of opinion. Defendant Marziano originally objected to all five of the requests, but has withdrawn his objections to Nos. 1 and 2, and seeks to have the remaining requests stricken on the same ground as urged by defendant Brandt.
The three requests here in controversy seek admissions as to the reasonableness of medical bills. Request No. 3 requests the admission of the reasonableness of a doctor's bill of $100 for "consultation." Request No. 4 requests an admission of the reasonableness of a hospital bill of $1,812.45, as well as other facts. Request No. 5 is a request for admission of the reasonableness of the bill of a second physician for "treatment."
The rule under which these admissions are sought is R.R. 4:26-1, which provides in part:
"After commencement of an action and before trial, a party may serve upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described in and exhibited with the request, or of the truth of any relevant matters of fact set forth in the request, whether or not the matters lie within the personal knowledge of the latter. * * *"
The purpose of the rule is to facilitate the trial by weeding out the facts over which there is no true controversy but which are often difficult or expensive to prove. Hunter v. Erie R.R. Co., 43 N.J. Super. 226, 231 (Law Div. 1956).
*268 The plaintiff contends that the requests are proper under the above rationale, in that the admission of the reasonableness of such charges would facilitate the trial by removing from the trial the necessity of proving this matter.
The law of New Jersey with regard to medical expenses is that before there can be introduced testimony as to the amount of medical bills, there must first be offered proper proof as to the reasonableness of such charges. Garafola v. Rosecliff Realty Co., Inc., 24 N.J. Super. 28 (App. Div. 1952). It would therefore appear that the medical bills referred to in the requests for admissions would have to be shown to be reasonable charges by proper proof prior to being offered into evidence as the actual amount paid by the plaintiff.
There is little doubt that if the requests were for admissions of facts, such requests would therefore be a relevant and proper subject for admissions. Defendants contend, however, that the requests call for admissions of matters of opinion rather than fact, and that the requests are therefore improper.
Two questions are presented to the court. First, are the admissions called for in these requests matters of opinion? Second, if they do call for opinion, are such requests proper under R.R. 4:26-1?
As to the first question, it is evident that the admissions requested here call for expressions of opinion rather than admissions of fact. For one to make any such admission, he would first have to consider many indefinite factors, including the nature of the injuries, the skill of the physician, the length of time and difficulty involved in the treatment afforded, as well as many others. Clearly, reasonable men may very well differ on such matters, and the conclusions they might reach would not be admissions of fact; rather they would be expressions of opinion. As the court stated in Ravitz v. Chirelstein, 135 N.J.L. 5, 7 (1946):
"But the inquiry as to the value of services is one that calls for the exercise of a fair judgment grounded in all the facts and circumstances, and informed by the opinions adduced from those having special knowledge of the subject."
*269 Having concluded that these requests require expressions of opinion rather than admissions of fact, we must next turn to the question of whether such requests are proper.
The heart of the objection to requests calling for expressions of opinion lies in the wording of the rule. R.R. 4:26-1 provides that a party may request admissions as to the truth of relevant facts.
The question therefore is: does R.R. 4:26-1 require that a party answer requests which call for matters of opinion as well as fact? This rule has received little or no consideration in our reported cases. The only reported case dealing directly with the necessity of answering requests for admissions is Hunter v. Erie R.R. Co., supra. Although this case is cited by both parties in their argument, it provides little aid in the determination of the issue now before the court. In Hunter, the question before the court was whether a party might be compelled to answer requests dealing with facts not within the immediate knowledge of the answering party. Diligent research has unearthed no reported case in this jurisdiction in which the precise problem presented here was before the court.
Many federal cases have dealt with this problem, however, in construing Rule 36 of the Federal Rules of Civil Procedure which, on this point, is essentially the same as our own R.R. 4:26-1. While this authority is, of course, not binding upon this court, in the absence of precedent in our own jurisdiction, it does provide a guide to the determination of the issues presented here.
The answer to this question in the federal courts is by no means clear. It apparently has been resolved differently in different districts. However, for our purpose it is helpful to note that while there are some cases holding that requests calling for admissions with respect to matters of opinion are required to be answered, these cases deal with situations in which the "borderline between fact and opinion is shadowy." In considering these situations, Professor Moore says:
"At least where the borderline between fact and opinion is shadowy or where an opinion is relevant to an issue in the case, the preferable *270 course would be to hold that the request requires an answer." 4 Moore, Federal Practice (2d ed. 1950), sec. 36.04, p. 2713.
Thus, in Jones v. Boyd Truck Lines, 11 F.R.D. 67 (W.D. Mo. 1951), the requests on their face seemed to call for admissions of fact, but the answering party maintained that the answers could only be given from conclusions or opinions drawn from the testimony of other witnesses. The court held that the requests were proper and that the answers would be ultimate conclusions of fact, citing the above-quoted paragraph from Moore. Id., 11 F.R.D., at p. 70.
However, we are not dealing here with a mixed question of fact and opinion. The answers to these requests clearly call for opinions on the part of the defendants. In this regard, the greater weight of federal authority holds that such requests are improper.
In Electric Furnace Co. v. Fire Ass'n of Philadelphia, 9 F.R.D. 741 (N.D. Ohio E.D. 1949), the court, in stating that it was impossible at that time to say whether a particular request related to a matter of opinion or of fact, held that the defendant was not required to answer:
"Since Rule 36 provides only for admission of facts, defendant should not now be required to admit something that may relate only to matters of opinion." (at p. 743)
In Waider v. Chicago R.I. & P.R. Co., 10 F.R.D. 376 (C.C.S.D. Iowa 1950), requests were quashed which called for admissions that a train engineer did not attempt to apply brakes until it was too late to stop and that the train could have been materially slowed down within a certain distance by brakes in good repair. The court held that these requests call for opinions or conclusions rather than statements of fact.
The federal courts have held further that requests for admissions as to the effect of foreign law call for conclusions or opinions and are therefore improper. Moumdjis v. S.S. The Ionian Trader, 157 F. Supp. 319 (E.D. Va. 1957); Fuhr v. *271 Newfoundland-St. Lawrence Shipping Ltd. Panama, 24 F.R.D. 9 (S.D.N.Y. 1959).
The position taken by the majority of the federal courts finds support in the various treatises on the subject. Professor Moore says, in commenting on requests for admissions calling for matters purely of opinion:
"* * * a request for an admission as to a matter of opinion is normally improper * * *." Moore, op. cit., sec. 36.04, p. 2713.
See also 27 C.J.S. Discovery, § 93, p. 277.
It is the opinion of this court that R.R. 4:26-1 does not authorize requests for admissions as to matters of opinion, and that requests Nos. 3, 4 and 5 should therefore be stricken.
The second part of this motion is directed at certain interrogatories, 11 in number, served by the plaintiff upon the defendants. The first part of these interrogatories is directed to certain hospital records. The remainder relate to two doctors named by the defendants in answer to prior interrogatories. Defendants move that these interrogatories be stricken.
Interrogatory 1(a) requests the dates of the hospital records. This appears to be within R.R. 4:16-2, which provides that a party may request the "description" of relevant documents. The request to strike the interrogatory is therefore denied.
Interrogatory 1(b) may require the conclusions or interpretation of the defendants. The requested information can be more appropriately obtained from the records themselves, by motion under R.R. 4:24-1. The request to strike the interrogatory is therefore granted.
Interrogatory 1(c) patently calls for a legal conclusion on the part of the defendant and is therefore improper. The motion to strike the interrogatory is granted.
Interrogatory 1(d) requests the contention of the defendant. Inquiry under R.R. 4:16-2 into the opinions or contentions of a party are improper. 2 Schnitzer and Wildstein, New Jersey Rules Service, A IV-659; Schwartz v. *272 Public Service Coordinated Transport, 64 A.2d 477 (Cty. Ct. 1949). The interrogatory is stricken.
Interrogatories Nos. 2 through 11 refer to Dr. Zahm and a Dr. Kaufman. It is necessary to draw a distinction as to these two persons in order to ascertain the propriety of the interrogatories concerning them. It is represented to the court that Dr. Kaufman is an expert witness for the defendant. It is further represented that Dr. Zahm was a treating physician of the decedent and is therefore a person having knowledge of relevant facts within the meaning of R.R. 4:16-2. However, the defendant indicates that Dr. Zahm may also be used as an expert witness.
Although R.R. 4:16-2 provides only for the disclosure of the name and address of experts, it provides that this information is only for use of the other party in investigating the proposed expert's qualifications. It is difficult to see how a party may investigate a proposed expert's qualifications without encountering great difficulty, unless he is provided with some information regarding these qualifications by the answering party. It further appears that there can be no substantial prejudice or undue hardship to the defendant in requiring him to answer the interrogatories respecting both doctors' qualifications in order that plaintiff may investigate them.
Inasmuch as Dr. Zahm is a witness possessing knowledge of relevant facts, the defendants should provide answers to those questions which request information respecting relevant facts. The answers to interrogatories with respect to Dr. Kaufman, however, should be limited to his name, address and qualifications.
Therefore, the motion to strike interrogatories Nos. 2 through 5, and 7 and 8 is denied. The motion to strike interrogatories Nos. 9 through 11 is granted. The motion to strike interrogatory No. 6 is also granted. This interrogatory calls for a legal conclusion on the part of the defendant.
The defendants may present an order in conformity with this ruling.