**RANGER INSURANCE COMPANY**

v.

**Mrs. Miriam G. CULBERSON, etc.**

**Civ. A. No. 12362.**

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 23, 1969.

Gambrell, Russell, Moye & Killorin, Atlanta, Ga., for plaintiff.

Gambrell & Mobley, Atlanta, Ga., for defendant.

## ORDER

ALBERT J. HENDERSON, Jr., District Judge.

This is a subrogation suit by plaintiff insurance company against defendant administratrix Culberson for $10,097.12, damages to the mortgaged Cessna aircraft, paid by plaintiff to the Michigan National Bank, lienholder, under a breach of warranty endorsement to an aircraft insurance policy. The policy provided that the interest of the lienholder in the insured aircraft would not be invalidated by act of the insured but that, if the aircraft were damaged because of the negligence of the insured, the insurance company, on payment, would be subrogated to the rights of the lienholder against the insured. Mrs. Culberson is administratrix of the estate of W. A. Culberson, the alleged pilot of the Cessna aircraft at the time of the crash.

Plaintiff insurance company has sought five requests for admission from defendant. Defendant has neither answered nor denied the truth of these requests, thus creating the issue before the court.

In essence, plaintiff seeks to have the following facts admitted: That W. A. Culberson was the pilot in command of the aircraft on August 30, 1967. That he held no pilot certificate other than Student Pilot certificate in Number S–68882, issued January 21, 1966, and that he had no instrument rating. That Bruce A. MacLean was a passenger in the aircraft at the time of the crash, that flight visibility was less than one statute mile and the cloud ceiling less than 1000 feet in a thunder storm at the time of the crash. Defendant has objected to these requests (except for ad-

mitting that Culberson was the pilot at the time of the crash), alleging that they pertain to controverted facts or facts which may constitute a principal issue of the case. In addition, defendant objects to the inquiry concerning passenger MacLean on the basis that this inquiry is irrelevant to the case.

Fed.R.Civ.P. 36 states, in pertinent part:

> Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, * * * the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole and in part * * *.

Thus, the question presently before the court is whether defendant has complied with the above-quoted provisions of Rule 36. The court is of the opinion that she has not.

Defendant has attempted to exercise the second alternative listed in Rule 36, and has filed objections to the request for admissions. However, her objections have no merit. She may not object to answering a request for admission merely because a fact is "controverted" or even because the fact is crucial to liability. See Johnstone v. Cronlund, 25 F.R.D. 42, 44 (E.D.Pa.1960); United States v. Ehbauer, 13 F.R.D. 462 (W.D.Mo.1952); Jones v. Boyd Truck Lines, 11 F.R.D. 67, 69 (W.D.Mo.1951). Rule 36 was not designed to discover facts; it was designed to circumscribe contested factual issues in a case, *wheth-*

*er crucial or not,* so that issues which were disputed might be clearly and succinctly presented to the trier of facts. Jones v. Boyd Truck Lines, 11 F.R.D. at 69. Therefore, the objection on the basis that the requests are for "controverted" facts, or principal issues in the case, is denied.

■ Likewise, the objection to the request for admission concerning passenger MacLean is denied. Plaintiff alleges, and defendant does not deny, that Federal Aviation Agency regulations proscribe the transportation of passengers by student pilots. If Culberson was, as plaintiff also alleges, merely a student pilot, and, if plaintiff can establish such a regulation, the inquiry concerning MacLean, the passenger, is certainly relevant to the case.

■ However, in addition to defendant's previous objections, she claims that she should not be required to go to the expense of establishing plaintiff's case. In DEFENDANT'S REPLY TO PLAINTIFF'S BRIEF ON REQUEST TO ADMIT, defendant stated, in pertinent part:

> The Defendant has no independent knowledge of her deceased husband's license status, passenger situation, or atmospheric conditions the time of the loss. It further appears to counsel for the Defendant that the Plaintiff is attempting to put the Defendant to the expense of gathering the official documents which may or may not be available to prove the Plaintiff's contentions rather than have the Plaintiff itself go to that expense since the facts requested to be admitted are not within the specific knowledge of the Defendant. Certainly it is not too burdensome to require the Plaintiff to

assemble its own evidence in the preparation of the case.

First, defendant may not fail to answer the requests simply because she has no independent knowledge of the facts sought to be admitted. Defendant must at least make a reasonable effort to obtain the information. The leading case in this area is Dulansky v. Iowa-Illinois Gas & Electric Co., 92 F.Supp. 118, 122–123 (S.D.Iowa 1950). In *Dulansky,* the district court considered a conflict of authority on this point, and chose to require the party from whom information was requested to go beyond the pale of its own knowledge. This court does likewise. See O'Meara-Sterling v. Mitchell, 299 F.2d 401, 404 (5th Cir. 1962); Thomas French & Sons v. Carleton Venetian Blind Co., 1 F.R.D. 178 (E.D.N.Y.1940); 4 Moore, Federal Practice ¶ 36.04 [5] "Matters Not Within the Knowledge of the Requested Party". (pp. 2727–32). On the other hand, if the information is neither within the knowledge of defendant nor within the reasonable capability of defendant to obtain, she may set forth specific facts, as directed in Rule 36(a) (1), showing her inability to verify the requested information. In this connection, the court considers the potential expense to plaintiff of a trip to the Federal Aviation Agency library in Oklahoma City, Oklahoma, as compared to the verification of the information sought to be admitted by letter, telephone, etc.

In summary, defendant's objections to the requests for admissions hereby are denied. She must either (1) admit or deny the requests, or (2) set forth specific facts as to why she cannot admit or deny. The time for a response will be on or within twenty (20) days from the date of this order.