**Joseph J. CADA, et al., etc., Plaintiffs,**

v.

**COSTA LINE, INC., et al., Defendants.**

**No. 79 C 3937.**

United States District Court,
N. D. Illinois, E. D.

June 25, 1982.

See also 547 F.Supp. 85.

*supra,* 654 F.2d at 1240 & n.7.

Edward T. Joyce, Steven J. Rotunno, Joyce & Kubasiak, Chicago, Ill., for plaintiffs.

Michael A. Snyder, S. Michael Ritter, Bradley, McMurray, Black & Snyder, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Joseph C. and Jean C. Cada ("Cadas") have filed this class action against Costa Line, Inc. ("Line") and its parent company, Costa Armatori, S.p.A. ("Armatori"). Judge McGarr (to whom this case was initially assigned) has certified a class of all passengers who have claims arising out of the March 30, 1979 fire on board one of Armatori's cruise ships, *Angelina Lauro.*

In conjunction with the current discovery phase of the litigation, Cadas have moved:

(a) for an order under Fed. R. Civ. P. ("Rule") 36(a) declaring defendants (collectively "Costas") have in effect made admissions by failing to respond adequately to Cadas' Requests for Admissions (the "Requests");

(b) alternatively, to require Costas to respond more fully to the Requests; and

(c) for attorneys' fees and expenses Cadas claim would not have been incurred but for Costas' refusal to respond appropriately to the Requests.

For the reasons stated in this memorandum opinion and order, Cadas' motion is granted to a very limited extent but denied in principal part.

At the core of Cadas' motion is their effort to force Costas to be bound by the opinions of Robert Watt ("Watt"), an expert employed by Costas' insurers, as to the causes of the fire on *Angelina Lauro.* Watt's report was prepared for presentation at a 1979 investigation of the fire and its causes, conducted jointly by the United States Coast Guard and the National Transportation Safety Board. Watt testified, and his report was submitted in evidence, at the public hearings.

Initially Cadas served 55 Requests, all but 23 of which have now been admitted or denied. As to each of the 23 Costas have stated simply:

The conclusion stated is denied for want of sufficient knowledge on the part of the defendants.

Rule 36(a) provides in relevant part:

A party may serve upon any other party a written request for the admission ... of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact.... An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.

Costas' responses do not track the Rule, for they do not comply with the last quoted sentence. Statements of inability to admit

or deny are of course permitted by Rule 36, but they must be supported by specific reasons. *United States v. American Telephone & Telegraph Co.,* 83 F.R.D. 323, 333 (D.D.C. 1979) (relying on *Princess Pat, Ltd. .v. National Carloading Co.,* 223 F.2d 916, 920 (7th Cir. 1955), though that case had been decided under the prior version of Rule 36). No such reasons were supplied by Costas in the responses themselves, though their memorandum in opposition to Cadas' motion advances one that is very good indeed as to some of the Requests: *Angelina Lauro* sank in the Pacific Ocean one month before issuance of Watt's report.

Because the sinking is not a complete answer to all the Requests under the last sentence quoted from Rule 36, and because Cadas are entitled to literal compliance with the Rule, Costas are ordered to comply by providing specific reasons underpinning their statement of "lack of information or knowledge" on or before July 23, 1982. This Court would be putting on blinders if it failed to recognize that such amended responses, as to Requests that might be answerable despite the unavailability of *Angelina Lauro* itself, are likely to raise questions as to the scope of "reasonable inquiry" or what information is "readily obtainable" by Costas. For that reason it seems appropriate to forestall one readily foreseeable dispute in that regard.

Some of the Requests plainly call for admissions as to matters of opinion that could be eked out by following in Watt's footsteps: interviewing crew members and other persons, engaging in research and pursuing other leads that—in the context of this litigation—are apt subjects for investigation by Cadas in their own preparation for trial. To that extent this Court views the problem as much like that presented by interrogatories, where Rule 33(c) gives the party interrogated the option of letting the interrogator do its own work of preparation. Accordingly the Court would be disinclined to thrust on Costas, as a condition of making a good faith statement of "reasonable inquiry" under Rule 36(a), the burden of doing Cadas' job for them.

■ That issue disposed of, this Court's answer to Cadas' contention that Costas have admitted the matters in the 23 Requests should be obvious. Of course Costas must make a "reasonable effort to acquire the information sought" and must exercise good faith and truthfulness when responding to requests for admissions. *See, Ranger Insurance Co. v. Culberson,* 49 F.R.D. 181, 183 (N.D. Ga. 1969); *Dulansky v. Iowa-Illinois Gas & Electric Co.,* 92 F.Supp. 118, 124 (S.D. Iowa 1950) (both antedating the 1970 amendment to Rule 36). But even if failure to meet those standards might sometimes trigger a ruling that the specified facts had been admitted, this is not the case for application of that doctrine. Both the obvious unavailability of *Angelina Lauro* and the considerations stated in the preceding paragraph argue against that result.[1]

■ Cadas' request for fees and expenses borders on the frivolous at this stage of the litigation. Rule 37(c) provides in part:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admission thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorneys' fees.

Cadas are not yet at first base, for they clearly have not *proved* Watt's opinions are true. Their motion is premature, for Rule 37(c) contemplates applications to be made

---

1. Cadas also seek to hold Costas to Watt's opinions because he was hired by their insurers and because the lawyer who submitted the report at the joint investigative hearing apparently appeared there for Costas as well as for the insurer. Those facts are plainly not enough to make Watt's opinions Costas' opinions as a matter of law. It cannot be said at this point that Costas have admitted the truth of the contents of (and most especially the opinions contained in) Watt's report. This opinion implies no holding, of course, as to questions of Watt's agency, admissibility at trial of his testimony or report as a claimed admission, or other questions that may be resolved on a full record in the pretrial order or at trial.

*after* trial. 8 C. Wright & A. Miller § 2290 at 803 n.83 (1970).

### Conclusion

Costas are ordered to revise their answers to the 23 Requests as called for by this opinion. In all other respects Cadas' motion is denied.